ENOS STONE v. JAMES H. SPILLMAN'S ADMR'X.

Where an administratrix sued for the recovery of certain property, and the defendant answered that the deceased made a will, leaving the disposition of his property to defendant; that the Court had admitted the will to probate, but refused to appoint defendant administrator, but appointed the plaintiff administratrix; that defendant had appealed, giving bond and security, which appeal was still pending; and that the defendant held the property under the will; *Held,* that the answer presented a meritorious defence; that the appeal suspended all proceedings until it was decided.

Appeal from Galveston. Tried before the Hon. Nelson H. Munger.

*Allen & Hale* and *R. H. Howard,* for appellant.

*R. & A. M. Hughes,* for appellee, cited Tidd's Prac., 507--8; Davenport v. Ferris, 6 Johns. R. 131; Talmadge v. Stockholm, 14 Id. 342.

LIPSCOMB, J. This suit was brought by the appellee against the appellant, to recover certain slaves claimed to belong to the estate of appellee's intestate. The appellant suffered judgment by default, which he asked the Court to set aside, and permit him to answer. The showing seemed to be sufficient to set aside the default; but the answer, it was thought by the Court below, did not set up a meritorious defence, and the only point presented for our consideration is, as to the meritorious character of the defence offered by the defendant, the present appellant.

The answer offered, alleged that Spillman did not die intestate; that he left a will, leaving the disposition of his property to the appellant; that defendant had presented the will for probate, and applied for letters of administration with the will

annexed ; that the Court admitted the will to probate, but refused to appoint appellant administrator, but appointed the appellee administratrix with the will annexed ; that he, the defendant, had appealed from the decision of the Probate Court, which was still pending ; that he had also appealed from the grant of administration first made to appellees, which appeal was also pending ; that defendant held the property sued for under the will.

We believe that if the answer be true, (and it must be regarded to be true,) a meritorious defence was offered ; that the appeal suspended all proceedings until it was decided. The giving bond and security suspended all action until the appeal was tried and decided. (See case just decided between same parties on the appeal referred to in the answer.) The judgment is reversed and cause remanded.

Reversed and remanded.