MERRITT W. ATKINS *versus* THOMAS WYMAN.

A judgment will be vacated where an appeal therefrom has been allowed; and an action of *debt* cannot be maintained upon it.

The judgment of the *appellate* court will be conclusive until reversed, although the appeal in the case was improperly taken and prosecuted.

DEBT, on a judgment alleged to have been rendered by the District Court, in the county of Franklin, in the year 1847.

At the trial, before HATHAWAY, J., the plaintiff introduced, (subject to objection of defendant that the record was not authenticated,) a copy of so much of the record of judgment as was extended on the records of said Court, and proved that A. B. Caswell, who was clerk of said Court, in 1847, had not resided in this State within three or four years last past.

Plaintiff also introduced, subject to objection, the docket entries under said action, one of which is "judgment for plaintiff on statement of facts — defendant appeals."

*In defence,* was introduced, subject to objection, a copy of the record of the proceedings and judgment of the Supreme Judicial Court for the county of Franklin, in an action between the parties, and plaintiff admitted that it was the record of the same case appealed from.

The parties, thereupon, agreed that the case should be submitted to the full Court, on report of the evidence.

The *record* of the District Court does not show that an appeal was taken from the judgment there ordered. No writ of execution was ever issued thereon.

It appears, by the record of the Supreme Judicial Court, that the appeal was entered at the June term, 1857, and the questions of law arising in the case were argued at the next law term, and afterwards the Court ordered that the plaintiff become *nonsuit.* And, thereupon, judgment was entered up, and execution issued for the defendant's costs.

*J. H. Webster,* for plaintiff, argued that, —

1. An appeal from a judgment upon an agreed statement of facts cannot be taken from the District Court where the action

was originally brought before a justice of the peace.  *Phillips* v. *Friend,* 11 Maine, 411;  *Giles* v. *Vigereaux,* 32 Maine, 565; *Seiders* v. *Creamer,* 22 Maine, 558;  R. S. of 1841, c. 97, § 13; Art. of Amend. § 12;  *Simmons* v. *Lord,* 18 Maine, 351;  *Kimball* v. *Moody & al.,* 18 Maine, 359;  *New Gloucester* v. *Danville,* 25 Maine, 492;  *Putnam* v. *Oliver,* 28 Maine, 442;  *Holt* v. *Barrett,* 29 Maine, 76;  *English* v. *Sprague,* 32 Maine, 243; *Adams* v. *Adams,* 15 Pick. 177.

2. An appeal taken where no appeal lies is a mere nullity, and an execution or an action of debt may be sued out upon the judgment appealed from.  *Compbell* v. *Howard,* 5 Mass. 376;  *Com.* v. *Messenger,* 4 Mass. 462, 471.

3. The proceedings in the Supreme Judicial Court in the original suit being a mere nullity, were irrelevant and inadmissible.  The plaintiff here, therefore, is entitled to recover.

*J. S. Abbott,* for defendant.

The opinion of the Court was drawn up by

HATHAWAY, J. — An action was pending in the late District Court in the county of Franklin, between these parties, and it appears, by the entries upon the clerk's docket at the March term of the Court, 1847, that the plaintiff recovered judgment therein, from which the defendant appealed to the Supreme Judicial Court, by the records of which Court, it appears that the defendant duly entered his appeal in that Court, at its June term, 1847, and, after continuance and argument, the case was finally disposed of by a nonsuit ordered by the Court, and the defendant had judgment and execution for his costs.

This is an action of debt upon the judgment in the District Court, from which the defendant appealed.

A valid appeal vacates the judgment appealed from.

The presumption is, that a judgment, rendered by a Court of competent jurisdiction, is properly rendered, and upon due preliminary proceedings.

The Supreme Judicial Court was a tribunal of ultimate jurisdiction in the matter.  The appeal was duly entered.

The case was argued and final judgment rendered by that Court for the defendant.

If the appeal was invalid and irregularly allowed, as the plaintiff contends, he should have availed himself of the irregularity at the appellate tribunal, whose judgment must be deemed conclusive, until reversed in due course of law.

The doctrine contended for by the plaintiff would leave him with a valid judgment in his favor in the District Court, for his debt and costs, and the defendant with a valid judgment in his favor, in the appellate Court, for his full bill of costs in the same case, a result which would not be in accordance with the symmetry of the law.

*Plaintiff nonsuit.*

TENNEY, C. J., CUTTING, MAY, GOODENOW, and DAVIS, J. J., concurred.