## MESSENGER v. MARSH et al.

Section 1827 of the Code does not apply to all cases in which a judgment by default may have been entered. ·

The requisitions of section 1827 are to be complied with, where the judgment has been regularly taken, and where the party is really in default.

In case of judgment by default, entered by mistake, or without notice to the party, or rule upon him to answer, the statute does not require an affidavit of merits in order to set aside a default.

In any case, where it is apparent that a judgment by default has been hastily and improvidently rendered, and where the facts are within the knowledge of the court, the default may be set aside, without an affidavit of merits.

*Appeal from the Lee District Court.*

WEDNESDAY, OCTOBER 13.

In May, 1841, a decree was made for the partition of the Half-Breed Tract, in Lee county, among the several claimants.   In August, 1845, Henry De Louis, and Elizabeth, his wife, and John Wright, filed their bill of complaint in chancery, in the district court of Lee county, alleging that said decree was obtained, and procured to be rendered, by collusion and fraud, and asking that the said decree of partition be vacated and annulled, and to have the said Half-Breed tract re-partitioned among the rightful owners according to their respective shares.   To this bill, William Meek and ninety-three other persons, represented as having a beneficial interest under said decree of partition, as parties thereto, and as claiming an interest in said tract of land, were made parties defendant.   Of these defendants, Benjamin F. Messenger and seventeen others, at the March term, 1850, by their cross-bill, against the parties to the original bill as defendants, admitting all the facts alleged in said original bill, and all the equities therein set forth, prayed the court for the same relief sought by the original complainants, viz: that the said decree of partition be set aside, and that the said Half-Breed Tract

be re-partitioned among the rightful owners.  They like-wise prayed and obtained writs of injunction, against judgments obtained against them upon titles derived from said decree of partition.  The suit upon the said cross-bill was docketed as *Benjamin F. Messenger* v. *William Meek and others.*

At the April term, 1850, there was a rule upon the defendants to the cross-bill served with process, to plead, answer or demur thereto, by the first day of the next term. At the next December term, there being no answer on file, the complainants claimed a judgment by default, for want of an answer, against the defendants served with process. No judgment, however, seems to have been rendered; and at the same term the complainants in the cross-bill, applied for and obtained an order changing the venue of the cause to Muscatine county.  The record, however, contains no transcript of the proceedings had in the cause in the district court of that county.  The next that is heard of the cause, it is in this court, where at the December term, 1851, the judgment of the district court upon a demurrer to the original bill, was affirmed.  On the 6th of December, 1854, on motion of the attorney for Messenger, an order was made in this court, remanding the cause to the district court of Lee county, for such proceedings in said court, as might be proper upon the cross-bill of said Messenger and others.  The clerk of this court was, at the same time, directed to retain in his office the original papers filed in this court, and to send certified copies only to the said district court.  A writ of *procedendo* was not issued in the cause, until another order was made to that effect, by this court, on the motion of Messenger, at the December term, 1856.  The writ was issued by the clerk of this court, December 13, 1856.  It was issued in the original suit of *Wright and De Louis* v. *William Meek and others.*

It appears, however, that at the April term of the district court of Lee county, 1856, the cross-bill was placed upon the docket of said court, under the title of *B. F.*

*Messenger* v. *Marsh, Lee & Delavan*, and was ordered to be continued generally until the next term. At the October term, an order was made to the effect, that "the defendants having failed to answer, a default is entered against them." At the same term, a motion was made to set aside the judgment by default, and the motion was continued until the next term; at which term, the motion was sustained, and the judgment by default set aside. From the order setting aside this judgment, the complainants have appealed to this court.

*F. Semple* and *Geo. R. Todd*, for the appellants.

*C. Mason*, for the appellees.

Stockton, J.—The above constitutes the history of this cause, as we have been enabled to gather it from the record. This record, it will at once be seen, is incomplete, as it contains no part of the proceedings in the cause from the April term, 1850, to the October term, 1856. The history, state, and condition of the cause, in the meantime, we are not informed of.

We see no sufficient reason for interfering with the discretion exercised by the district court, in setting aside the judgment by default. The statute provides that "judgments by default may not be set aside, unless an affidavit of merits be filed, and a reasonable excuse be shown for having made such default." Code, section 1827. We do not understand this provision of the statute, as applying to all cases in which a judgment by default may have been entered. Its requisitions are certainly to be complied with, where the judgment has been regularly taken, and where the party is really in default. But in case of judgment entered by mistake, or without notice to the party, or rule upon him to answer, we do not understand the statute as requiring an affidavit of merits. Nor, in any cause, when it is apparent that the judgment has been hastily or improvidently rendered. These things may be

within the knowledge of the court, and require no affidavit to make the facts more apparent. The record is under the control of the court, and may be amended, or any entry expunged, at any time during the term. Code, section 1579. Otherwise, a party would be required to bring his cause to the supreme court, to have set aside a judgment entered by oversight or mistake.

We will examine briefly, the state of the cause at the time the judgment by default was rendered.

I. The original suit of *De Louis and Wright* v. *Wm. Meek and others*, was disposed of in this court at the December term, 1851. At the December term, 1854, the defendant Messenger, one of the complainants in the cross-bill, obtained an order from this court, remanding the cause to the district court of Lee county, for such further proceedings on the cross-bill as might be proper. No writ of *procedendo*, however, issued until December, 1856. Previously to this time, to-wit: at the April term, 1856, the cause had been placed on the docket of the Lee district court, and at the October term, six weeks before the writ of *procedendo* was issued, the said district court had taken jurisdiction of the cause, and this judgment by default had been entered. Under the circumstances, we do not see but that this action of the district court was premature; and that the defendants in the cross-bill, might well object to the judgment by default until the writ of *procedendo* was filed.

II. By the Code, (section 1824), it is provided that " if defendant fail to file his answer by the time prescribed, judgment by default may, on motion, be entered against him." By the statute in force when this suit was instituted, it is provided, that " the court may by rules establish the times within which the answer shall be filed ; and if the defendant shall not file his answer within the time limited, the court may render a decree, or order the complainant to prove the allegations of his bill, and such decree may then be made as the court shall think fit." Act of January 23, 1839, sections 12, 13 ; Rev. Stat., 108.    Ex-

cept the order made at the April term, 1850, for the defendants served with process, to plead, answer, or demur to the cross-bill, by the first day of the next succeeding term, there was no rule upon the defendants in this case to answer, nor any time prescribed within which their answer should be filed. This order to the defendants to answer to the cross bill was premature. The statute in force at the time, provided that "if a cross-petition be filed by any defendant, he must put in his answer to the first petition, before the defendants to the cross-petition shall be compelled to answer." Section 24, Rev. Stat., 109. It does not appear from the record, that at the time this order was made, the defendants, who were complainants in the cross-petition, had filed their answer to the original bill.

The defendants were entitled to some notice, that the cause was again upon the docket, or to a rule upon them to answer the petition. Nothing of this kind is shown. Estis, the agent of the defendants most interested in defending the suit, states in his affidavit, that no notice of the fact that the cause was again on the docket, was given to him, or to defendants, or to any one representing their interests. When we consider that the cause had been for five years off the docket, after the same had been decided in the supreme court, without any attempt to re-instate it, the defendants were justified in supposing that the complainants had abandoned their suit. When it again makes its appearance on the docket, no explanation is given of the manner in which it gets there. It is without any writ of *procedendo* from the supreme court, and no such writ is produced or filed, until six weeks after this judgment by default had been rendered.

It is further to be considered, that the cause had originally been on the docket of the district court, under the name of *Messenger* v. *Meek & others.* When it comes back from the supreme court, it appears under the name of *Messenger* v. *Marsh, Lee and Delavan,* as if another suit. It is easy to see how readily the defendants might

have been misled into the supposition that it was not the same suit, but some other, in which they had not been served with process. We think the district court was fully justified in setting aside the judgment by default.

Judgment affirmed.