## SPAULDING et al. *vs.* MILWAUKEE AND HORICON R. R. CO. et al.

APPEAL FROM CIRCUIT COURT, WASHINGTON COUNTY.

Heard May 4.]                                    [Decided May 9, 1860.

### *Practice—Stay of Proceedings—Appeal.*

An order 'of a judge at chambers, is of no force or effect until it is properly served upon the opposite party.

Where an order was made fixing the amount of an undertaking to perfect an appeal, and four days after the respondent procured an order to set aside and stay the proceedings under the first order; and the appellants had complied with the first order, and perfected the appeal before service of the second: Held that the appeal itself stayed all proceedings in the circuit court; and that the last order was a nullity.

This action was commenced by Alexander Spaulding and Nathan Pereles, against the Milwaukee and Horicon railroad company, and others, to recover the amount due from the company upon certain bonds of the company, secured by mortgage upon the road, and to foreclose the mortgage; for an account among the several bond-holders, and for the appointment of a receiver, &c., to take charge of the road, its lands and effects, books and papers, offices and furniture, with power to operate the road, collect, receive and keep the same subject to the order of the court. The motion for the appointment of the receiver was made by the plaintiffs upon the complaint and affidavits attached thereto; and was resisted upon affidavits and answers of the defendants. The motion was granted on the 6th of April, 1860, and the receiver appointed; on the 9th the circuit judge fixed the amount of the undertaking, and the defendants appealed giving the undertaking in the sum of $10,000, staying all proceedings in the cause in the circuit court pending the appeal. On the 12th of April, the defendants served the notice of appeal upon the attorneys of the plaintiffs, with a copy of the undertaking filed, and served and filed the originals with the clerk of the circuit court on the morning of the

13th. On the same day, the plaintiffs attorneys procured an order from the circuit court to show cause, why the order of the 9th of April should not be vacated and modified ; and also suspending and staying all proceedings under the same until the hearing and decision of the application to modify was determined. This order was served upon the attorneys for the defendants, April 16th. The receiver qualified on the 12th of April. The appeal papers were sent to this court, and on the 28th of April, the defendants attorneys procured an order to show cause before the supreme court on the 4th May, why all proceedings in the cause in the court below should not be stayed, &c. This motion was heard on the 4th of May and was resisted on the part of the plaintiffs upon affidavits.

*A. D. Smith,* for the appellants.

*Butler, Buttrick & Cottrill* for the respondents.

*By the Court,* DIXON, C. J. It has been too long and too well settled to admit of doubt or controversy that an order of a judge at chambers is of no effect until it is properly served on the opposite party, or his attorney. 2 Arch. Practice 896, and 897 ; 1 Bur., id. 349 and 350 and cases there cited. Therefore the order of the circuit judge made on the *13th* day of April, suspending and modifying that of the 9th directing the sum in which the railroad company should give security for the purpose of staying proceedings on the order appealed from pursuant to section 2 of the act of 1859, was inoperative until the same was served. At the time the appeal was perfected and the undertaking was given, it had not been served, and a stay of proceedings was therefore regularly obtained according to the provisions of the act. Such being the case it only remains to be determined whether the circuit judge could, by a subsequent order vacating or modifying the order under which the stay was thus perfected, conditionally or otherwise, deprive the company of the right, which they had thus acquired, to have all further proceedings under the

order appealed from arrested, pending such appeal. Upon this question we are clearly of opinion that he could not. The stay was a part of the appeal itself and took effect by reason of it, and by force of the statute, and not of the order fixing the amount of the undertaking. The condition of the statute being complied with, the *appeal* stayed the proceedings in the court below, and it was not in the power of that court or the judge thereof to do away with the positive provisions of the statute. That such is the correct construction of the statute, and that the stay of proceedings is to be obtained at the time of taking the appeal, and as a part of it, and cannot be obtained afterwards, is very evident from the provisions of sections 21 and 22 of chap. 139 of the Rev. Stat., to which the act of 1859 chapter 139, laws of 1859 is an amendment. Section 21 provides for the service of a copy of the undertakings designed to secure a stay of proceedings, including the names and residence of the sureties, upon the adverse party, *with the notice of appeal.* Section 22 declares that the respondent may except to the sufficiency of the sureties within ten days *after notice of the appeal.* These provisions sufficiently answer the position of the respondents' counsel, that the stay and appeal are entirely distinct and separate proceedings, and that the former may be obtained at any time after the latter has been perfected, by a compliance with the requirements of section 15. These statutory provisions have received the same construction by the courts of New York. *Insurance Co. vs. Safford, et al.,* 10 How. Pr. R. 344 ; *Cushman vs. Martins et al.,* 12 id. 402.

It follows from the views we have taken that the proceedings in the circuit court, upon the order appealed from, are stayed by virtue of the appeal and undertaking given by the company pursuant to the order made on the 9th of April, and that no further order by this court is required for that purpose. The rule to show cause must therefore be discharged ; and

inasmuch as no costs are asked by either party, none will be given to either.