MONTEVALLO COAL MINING CO. *vs.* REYNOLDS.

[CERTIORARI—MOTION TO DISMISS APPEAL.]

1. *Adjournment of court, record of proceedings after; what can not be brought to supreme court by certiorari.*—The record of proceedings, in the court below, after its final adjournment, and after appeal to the supreme court, except an amendment of the record of the entry of the judgment *nunc pro tunc*, or of some of the proceedings antecedent thereto, can not be brought up to this court, upon the return of a *certiorari* sent down to the court below, upon a suggestion in this court of a diminution of the record.

2. *Same; what can be brought to this court on appeal.*—Only the record up to the final judgment, including the record of the final judgment itself, can be brought to this court on appeal from such final judgment. What happens after the final judgment, in the court below, except a correction *nunc pro tunc* of the judgment, or other proceedings antecedent to the judgment, is no part of the record upon which errors can be assigned in this court, on an appeal from such final judgment.

3. *Appeal; when will be dismissed.*—If the final judgment in the court below is set aside on motion of the appellant, and a new trial granted after the appeal from such final judgment, and whilst the same is pending in this court, although such order of the court below may be erroneous, such appeal will be dismissed on motion of the appellee, in this court, after the grant of such new trial.

The appellee, in this cause, moves to dismiss the appeal, because, since said appeal was taken and while the same was pending in this court, the court below, on motion of the appellant, set aside the final judgment appealed from and granted a new trial in the cause, and because there is now no final judgment from which to appeal. The appellant resists this motion and submits a counter motion for an *alias certiorari*, &c.

The facts of the case will be found in the opinion.

JOHN W. A. SANFORD, for appellant.
CHILTON & THORINGTON, for appellee.

PETERS, J.—At the last term of this court, the appellee in this suit obtained a *certiorari* to the city court of Montgomery, in which this cause was tried and determined, to bring up a more perfect record of the proceedings in the court below. This writ was returned to the present term of this court, and the clerk of the city court sent up with it, as a more complete record of the transcript of the record of certain proceedings arising on a certain motion, made in said city court at the October term thereof in 1869, by the appellant in this suit, to vacate and set aside the judgment rendered in this cause in the city court, on the 14th day of March, 1868, from which this appeal was taken ; and a certain other motion made in said city court in this cause at said October term, 1869, made by said appellee, to amend the entry of judgment in the court below *nunc pro tunc*, so as to show a proper service of the summons on said appellant. These motions were heard and determined at the same time. The motion of the appellant was granted by the court, but the motion of the appellee was denied. To this ruling of the court the said appellee objected, and reserved his objection by bill of exceptions. The record shows that this appeal was taken on the 21st day of May, 1869.

The appellant now moves, in this court, to set aside the return thus made on said *certiorari* awarded at the June term, 1869, of this court, and also for an *alias certiorari*.

The appeal from the judgment of the city court removed the case out of that court into this court, and the city court can not act further in the matter then, without an order from this tribunal, so long as the appeal is pending, except to execute the judgment, when no supersedeas bond has been given, or to amend the entry of the judgment below *nunc pro tunc*.—Revised Code, §§ 3485, 3489 ; *John Berry, Receiver, &c.*, 26 Barb. 55 ; *Fuber v. Carter*, 2 Sneed, 1 ; *Stone v. Spillman*, 16 Texas, 432 ; *Stalbird v. Beattie*, 36 N. H. 455 ; *Kembrough v. Mitchell*, 1 Head, 539 ; *Archer v.*

*Hart,* 5 Florida, 234 ; *Spaulding v. Milwaukie,* &c., *R. R. Co.,* 11 Wis. 157.

But, in this State, the record of a judgment may be amended by an entry *nunc pro tunc,* by the court in which it was rendered, during the pendency of an appeal, so as to make the record speak the truth. And after the record is so amended, a *certiorari* will be awarded to bring up the amended record ; or when such record, so amended, is brought up to this court by a *certiorari* issued before the amendment was made, it is properly before this court, and will be considered on an assignment of errors here. This has been the practice of our predecessors.— *Townsend v. Jeffries, Adm'r,* 24 Ala. R. 329 ; *Cunningham v. Fontaine,* 25 Ala. 644 ; Rev. Code, § 2807 ; *Sartor v. Br. Bk. Montgomery,* 29 Ala. 353 ; 24 Ala. 468.

But, generally, after the appeal is taken, the judgment in the court below can not be vacated and set aside, or opened so as to introduce new matter into the record which was not properly a part of the record at the date of the judgment. The correction of the entry of judgment *nunc pro tunc* is not such an addition of new matter to the record, but only such an amendment of the record as shall make it speak the truth of the proceedings in the court below up to the judgment, including the record of the judgment itself. After final judgment and the adjournment of the court, the record, if it speaks the truth, can not be increased or diminished. Such judgment, until it is reversed or a new trial granted, is a finality.—*Hudson v. Hudson,* 20 Ala. 364 ; *Kidd v. Montague,* 19 Ala. 619 ; *Chamberlain v. Gaillard,* 26 Ala. 504 ; *Deslonde v. Darrington,* 29 Ala. 92 ; *Harris v. Billingsley,* 18 Ala. 438.

Here the transcript shows that the record sent up with the *certiorari* is not the record of the proceedings in this case, before the entry of the judgment in the court below or before the judgment itself. Nor is it a correction of the record *nunc pro tunc.* It is, therefcre, improperly sent up to this court, as a part of the record in this case antecedent to the appeal.

The motion to set aside the return to the *certiorari* is therefore granted, and the same is ordered to be set aside.

But the motion to grant the award of an *alias certiorari* is denied. No diminution of the original record is suggested, and no reason for its allowance is shown.—11 Rule Prac. Rev. Code, 817.

The cross motion, made by the appellee in this court, to dismiss the appeal must prevail. It is admitted by the eminent counsel who makes it, and the counsel who represents the appellant, that the judgment below from which the appeal has been taken, has, upon the motion of the appellant in that court, been vacated and set aside since the appeal, and that there is now no longer any final judgment in that court. A record of the proceedings upon the motion to vacate and set aside the judgment in the court below, filed in this cause, shows the same fact. It may have been an error in the court below to do this, but as it was done at the instance of the appellant, he has no right to complain of it. He consented to it, and consent takes away error. *Concensus tolet errorem* is the rule which must govern in such cases.—Coke's Litt. 126 ; Broom's Max. 129 ; *Rogers and Wife v. Conger et al.,* 7 John. 611, 558 ; Revised Code, § 3504. Where there is no final judgment in the court below, the appeal will be dismissed.—*Broyles v. Maddox,* June term, 1869.

Let the appeal be dismissed, at appellant's costs.