*Discontinuance of highway pending appeal—Practice.*

A highway laid out by the county commissioners, upon appeal from the mayor and aldermen of a city, may be discontinued while the appeal is pending as to land damages, leave of the court being first obtained.

In case of such discontinuance, there is no legal objection to an assessment, upon the same appeal, of such damage, if any, as may have been caused to the land-owner by the laying out.

HILLSBOROUGH COUNTY.

This was an appeal from the doings of the mayor and aldermen of the city of Manchester in laying out a highway over the land of the petitioner. The petitioner alleged that he was aggrieved by the decision of the said mayor and aldermen, both in the laying out of the highway, and in the assessment of damages.

The petition was entered at May term, 1872, and referred to the county commissioners. In the order of reference the commissioners were directed to report to the court whether or not, in their opinion, the public good required the said highway to be laid out and built; and if, in their opinion, it was expedient that said highway should be established, they were further directed to assess the plaintiff's damages.

The commissioners reported that, in their opinion, for the accommodation of the public, there was occasion for a new highway as set forth in the petition, and also reported a laying out of the highway, and assessed the petitioner's damages. The damages were afterwards assessed by a jury, and at January term, 1874, the verdict was set aside. At September term, 1874, the case was referred to a referee, who reported at June term, 1875, and the plaintiff elected a trial by jury. At September term, 1875, the defendants filed a plea in bar of the further maintenance of the action. The plaintiff replied, and the defendants demurred. The court *pro forma* allowed the demurrer, and the plaintiff excepted. Copies of the plea, replication, and demurrer are to make a part of the case, and the petition and report of the county commissioners may be referred to in argument.

The questions arising on the foregoing case were transferred to this court by CUSHING, C. J.

PLEA.

The said city of Manchester comes and defends, and says that the said plaintiff ought not further to have or maintain his aforesaid action against said city, because, it says, that after the last pleading in this cause,—that is to say, on the seventh day of September, in the year of our Lord one thousand eight hundred and seventy-five,—the

said city of Manchester, by the concurrent vote of the city councils of said city, as by law they are authorized and empowered to do, discontinued the said highway described in the plaintiff's petition in this action : and the said defendants further say, that they have not hitherto appropriated, or entered upon, or taken, or used any lands of the said plaintiff for the purpose of constructing a highway, or for any other purpose ; and this the said defendant is ready to verify. Wherefore the said city of Manchester prays judgment if the said plaintiff ought further to have or maintain his said action against said city, and for costs.

### REPLICATION.

The plaintiff says that the county commissioners, to whom his appeal was referred, in affirmance of the action of the mayor and aldermen, laid out the highway aforesaid anew by metes and bounds, particularly given in their report, and that said court has not in any way consented to the discontinuance of said highway ; and this he is ready to verify. Wherefore he prays judgment, and that his just damages may be assessed by a jury, and for his costs : and the plaintiff further says, that he sustained actual damages by the laying out of said highway, notwithstanding any supposed discontinuance of the same, to wit, to the amount of three thousand dollars ; and this he is ready to verify. Wherefore he prays judgment, and that his just damages may be assessed by a jury, and for his costs.

### DEMURRER.

And the said defendants say that the replication is not sufficient in law.

*C. R. Morrison,* for the plaintiff.

*Briggs & Huse* and *J. P. Bartlett,* for the defendants.

LADD, J. The nature of this proceeding must not be lost sight of, because the questions are raised by a form of pleading used in actions at common law. It is an appeal under the statute from the laying out of a highway, and the assessment of the plaintiff's land damages. After a long and tedious litigation, the defendants propose to surrender the main thing that has been in controversy, or, at least, the thing that has caused all the strife, by voluntarily discontinuing the road. The plaintiff says he has no objection to this ; but still, if the apple of discord is to be removed, he wants it done with all the formalities required by law. He will not be relieved from the burden of the road, the laying out of which he has been struggling to defeat, unless the defendants shall first ask and obtain leave of the court to discontinue it :— and so we are invited, as it seems to me, to consider a very nice matter of *punctilio* indeed. I do not think it can be worth while to spend

much time in this case upon the question of the defendants' legal right to discontinue the road without the consent of the court, inasmuch as such consent could certainly be had for the asking, and nobody's rights or interests are practically involved.

But what becomes of the other branch of the case,—that is, the appeal from the assessment of damages, upon the discontinuance of the road,—is another question.

The original assessment of damages by the mayor and aldermen was made upon the basis that the road was to be built, and used, over the plaintiff's land. Before it is either made or used, the enterprise is abandoned, and the threatened injury to the plaintiff averted by a discontinuance. It certainly cannot be said by the court, as matter of law, that the laying out, under such circumstances, was no damage to the plaintiff, although no land is now to be taken, and no injury to be caused to his other land by the construction and use of a highway.

The question is, Can it be determined in this same proceeding—that is, upon the original appeal—whether he has, in fact, suffered damage, even although the road is discontinued, and is not to be built? and, if so, how much?

It is not easy to understand why the defendants should object to such a course, saving, as it would, the expense and delay of another proceeding;—but, inasmuch as they do object, it is necessary to inquire whether there is any law whereby it is forbidden.

The statute provides that the selectmen "shall assess the damages sustained by each owner of the land on other property taken for such highway"—Gen. Stats., ch. 61, sec. 15 ; and, in reference to appeals, the commissioners shall consider and report upon the matters in regard to which the appeal is taken, as set forth in the petition. Gen. Stats., ch. 63, sec. 12. Now, the matter here is the damage caused by the laying out. To be sure, the elements of damage are not the same on the appeal, after the road has been discontinued, as those which entered into the computation of the mayor and aldermen ; but I think the matter may, nevertheless, be fairly said to be the same,—so that, instead of there being any law prohibiting the course proposed, the statutes are clearly broad enough to tolerate if not require it.

As to costs, although it is provided that if the plaintiff recover no more damages on the appeal than was awarded by the selectmen, he shall pay costs—Gen. Stats., ch. 63, sec. 13 ; still, this statute was obviously intended to meet the usual and ordinary case of appeals when the road has been or is to be built ; and I think the broad discretion as to costs conferred upon the court by Gen. Stats., ch. 214, secs. 1, 2, may and should be so exercised as to do justice between the parties, in view of the entirely new aspect put upon the matter by the discontinuance.

The practical application and effect of these views in the present case are, that the parties may have all matters in dispute between them, as well as all questions of cost, adjusted and finally settled in the circuit court.

CUSHING, C. J. The plea alleges, in bar of the further maintenance of the action, that the defendants have discontinued the highway, and have never entered upon or done any acts upon the land.

The plaintiff replies, that the county commissioners, to whom the petition was referred, laid out the highway aforesaid anew, and that the court had not consented to the discontinuance.

He also replies, that, notwithstanding the discontinuance, the laying out of the highway is a damage to him.

The defendants, not objecting that the replication is double, demur generally.

The first matter in the replication appears to be insufficient, because it is not alleged that the report of the commissioners has been accepted by the court,—which, I suppose, is necessary, in order that the highway should be established by the court. On this part of the pleadings, then, I should understand that the plaintiff must fail, because there is not enough alleged to show that the highway had been established by the court when it was discontinued by the town.

The other branch of the replication seems well enough, because it is the assessment of damages which has been complained of, and there is perhaps no very sufficient reason why the damages actually sustained by the proceeding, if any, may not be assessed on this appeal.

It may be, that, notwithstanding the defect in the replication, the report has been accepted, and the way established by the court. If such be the case, I think that, as terms of amendment, the defendants ought to have leave to move the court to consent to the act of the town discontinuing the highway, which, as all the parties seem desirous that the highway should be discontinued, it is not likely the court would object to.

It is not often that the learning and ingenuity of counsel are expended on special pleadings in cases of this sort. As both parties seem to be satisfied with it, and neither has made any motion to reject the pleas as inappropriate, I have endeavored to solve the problems presented. The practical result, I believe, is the same announced by my brother LADD.

FOSTER, C. J., C. C. Proceedings were commenced in this case by a petition to the mayor and aldermen of the city of Manchester for the establishment of a new highway, wholly within the limits of said city, under the provisions of ch. 61, sec. 1, Gen. Stats.

The mayor and aldermen laid out the highway, and assessed the plaintiff's damages. From the decision of this tribunal, both as to the laying out of the highway and the assessment of his damages, the plaintiff appealed to the supreme court, under the provisions of ch. 63, sec. 10, Gen. Stats.

Subsequently, the county commissioners, to whom had been referred the plaintiff's appeal, reported a laying out of said highway, and assessed the plaintiff's damages.

The question is now presented, whether the judgment of the mayor and aldermen was vacated by the plaintiff's appeal, so that the subsequent action of the commissioners established a new, and, in a certain sense;

independent highway, which the court alone had power to discontinue; or whether, after the plaintiff's appeal, the judgment of the mayor and aldermen still existed, suspended and in abeyance merely, and the jurisdiction of the matter remained with them, so that, without the leave of the court, they had the power to discontinue the highway.

What was the effect of the plaintiff's appeal upon the judgment of the mayor and aldermen ? Did it oust them of jurisdiction ?

The effect of an appeal, said BELL, J., in *Wallace* v. *Brown*, 25 N. H. 218, " is to vacate for most purposes the judgment below, and the judgment in the court above is a distinct and original judgment." " Every appeal assumes that, in the opinion of the appellant, the judgment appealed from is wrong. The object of the appeal is, that the case may be tried anew, and a proper judgment entered." The object of the appeal is, " to carry the cause to a higher tribunal, to be there tried anew, and a new judgment entered, according to the opinion of the court above." Although an appeal is said to be a continuation of the original suit, it is analogous in its effect to an award of a new trial, by which the previous verdict is entirely set aside, and the case is to be heard anew, like an original action. *Bixby* v. *Harris*, 26 N. H. 125, 128. The pleadings and the evidence in the court below remain unaffected. The judgment therein is suspended, and the action of the supreme court commences at that stage of the proceedings which existed immediately prior to the judgment of the court below. *Stalbird* v. *Beattie*, 36 N. H. 456.

But, at the point where the control of the appellate court commences, it would seem that the control of the inferior court should cease, otherwise there might be a serious conflict of jurisdiction and authority. A cause ought not to be buffeted about by the orders of independent tribunals. As the inferior court cannot proceed to enforce its judgment after it has become suspended by the appeal, so, also, it should not be permitted to *reverse* the suspended judgment, because, although the mischief to the party aggrieved might not be so serious, still, important rights would be affected, if in no other respect, certainly in respect of costs properly and reasonably incurred.

For this reason it is held, that, after a case has been appealed, a judgment by default cannot be rendered below before the *procedendo* has been sent down. *Messenger* v. *Marsh*, 6 Iowa 491.

After an appeal, no order can be passed in the case which in any contingency can possibly prejudice the appellant. *Ohio Life Ins. Co.* v. *Winn*, 4 Md. Ch. 253. An appeal suspends all proceedings until it is decided. *Stone* v. *Spillman*, 16 Tex. 432 ; *Bryan* v. *Berry*, 8 Cal. 130 ; *McGlaughlin* v. *O'Rourke*, 12 Iowa 459 ; *Levi* v. *Karrick*, 15 Iowa 444 ; *Helen* v. *Boone*, 6 J. J. Marsh 351 ; *State* v. *Judge, &c.*, 11 La. An. 728 ; *Yeaton* v. *United States*, 5 Cranch. 281 ; *The Venus*, 1 Wheat. 113 ; *Archer* v. *Hart*, 5 Fla. 234 ; *Atkins* v. *Wyman*, 45 Me. 399. Therefore it has been held, that, after an appeal from the state circuit court has been taken and allowed, that court ceases to have any jurisdiction in the cause, and thereafter the record cannot be changed by either party;

nor can an entry be filed *nunc pro tunc*—*Stewart* v. *Stringer*, 41 Mo. 400; and on a prayer for an appeal in the court below, and the execution of a bond on the rising of the court, that court has no longer jurisdiction of the case, and the entry of a dismissal of the cause in that court is a nullity. *Freeman* v. *Henderson*, 6 Coldw. (Tenn.) 647; —see, also, *Suggs* v. *Suggs*, 1 Overt. (Tenn.) 2.

The decree of a judge of probate is vacated by an appeal, and a new decree, affirming or reversing the former one, must be made by the appellate court. *Mather* v. *Bennett*, 21 N. H. 188.

Our statutes are not in conflict with the principle of these decisions. With regard to probate appeals, it is declared,—" Every decision of a judge, so far as the same shall be affirmed or unaltered by the supreme court upon appeal, shall be considered to have been in force from the time the same was made or passed by the judge of probate "—Gen. Stats., ch. 188, sec. 12; and in respect to appeals from the decision of selectmen, it is provided that " the commissioners shall consider and report upon the matters in regard to which the appeal is taken, as set forth in the petition; and the decision of the selectmen may be affirmed, modified, or reversed by the court, according to the report of the commissioners. Gen. Stats., ch. 63, sec. 12.

In both cases the subject-matter of the controversy is brought by the appeal within the jurisdiction of the appellate court *(Perkins* v. *George,* 45 N. H. 453), and in neither case is the cause remanded by writ of *procedendo* or other order to the inferior court; but in the one case the " decision of the judge " of probate (although for convenience regarded, if unreversed, as having been in force from the time it was made by the judge of probate) is affirmed *nunc pro tunc* " by the supreme court," and in the other case the decision of the selectmen is " affirmed, modified, or reversed by the court."

In both cases there is a new decree,—a decree and judgment by the appellate tribunal; and with the authority of the appellate court to make such final decree, the inferior court during the suspension of its vitality cannot interfere.

In the present case, then, there was a laying out of the highway by the supreme court, and it " cannot be discontinued without the consent of said court." Gen. Stats., ch. 65, sec. 2.

The demurrer admits that the plaintiff has sustained damages by the laying out of the highway. The proceeding before this court is an appeal from the assessment of those damages, and the statute requires that the court shall assess his damages by a jury, and issue execution therefor. Gen. Stats., ch. 63, secs. 13, 14.

It is only " in cases where execution may not be issued by the supreme court for damages on account of a highway " that the person entitled thereto may recover them by action of debt. Gen. Stats., ch. 64, sec. 7.

To send the plaintiff out of court for the relief provided in such a contingency would be inconvenient, burdensome, and unnecessary.

*Demurrer overruled.*