Hillsborough, }
 Dec., 1899. }

## BEARD v. HENNIKER AND HILLSBOROUGH.

Where a highway has been discontinued prior to the rendition of final judgment in an action for the assessment of land damages, a landowner can recover only for damages actually sustained.

APPEAL from the assessment of damages for land taken for a highway. December 31, 1896, the joint boards of selectmen of the defendant towns laid a highway across the petitioner's land and assessed her damages. She took an appeal, both from the laying out and from the assessment of damages. At the September term, 1897, she amended by striking out the appeal from the laying out. Subsequently the towns voted to discontinue the highway and filed a petition to procure the assent of the court thereto. That petition and the one in this case were referred to the commissioners for the counties of Merrimack and Hillsborough. They reported that the highway ought to be discontinued; that the plaintiff's damages, (1) assuming that the highway was to be built, were $275; (2) assuming that it was to be discontinued, were $90; and (3) that the plaintiff suffered no special damage, by reason of the discontinuance of the highway, not suffered by the general public. The highway was not built. As laid out, it followed a private way. Prior to the laying out, the travel over this route was permissive; since then there has been no change either in the kind or amount of travel, except that it has not been permissive.

The court ordered the discontinuance of the highway and judgment for the plaintiff for $275, and the defendants excepted.

*Burnham, Brown & Warren,* for the plaintiff.

*Oliver E. Branch* and *Samuel W. Holman,* for the defendants.

WALLACE, J. In actions for damages in laying out or altering a highway after it has been discontinued, " only the actual damages shall be recovered." P. S., *c.* 71, *s.* 9. The first enactment on this subject was in 1842, and reads as follows : " That in all actions to recover damages awarded for land taken for highways, that have been discontinued or which shall be discontinued previous to the final trial of such action, the party prosecuting shall not have or recover, in debt or damages, any greater sum than the amount of the actual loss or damage he may have sustained, any award of damages before made to the contrary notwithstanding." Laws 1842, *c.* 669, *s.* 1. The substance of this act has been embodied in every revision of the statutes since then. R. S., *c.* 52, *ss.* 4, 5 ; G. S., *c.* 64, *s.* 9 ; G. L., *c.* 70, *s.* 9 ; P. S., *c.* 71, *s.* 9. Before its passage, the landowner could recover the full amount of the damages awarded him, although his land might have been disencumbered of any claim of the public by the previous discontinuance of the highway, and might never have been entered upon for the purpose of its construction. This provision of the statute was designed to prevent such a result and to limit the landowner to his actual damages in such cases. *Hampton* v. *Coffin,* 4 N. H. 517; *Clark* v. *Hampstead,* 19 N. H. 365 ; *Thurston* v. *Alstead,* 26 N. H. 259.

The statute has been held to apply to all cases where the highway has been discontinued before the rendition of final judgment in the action for the recovery of the land damages, although the discontinuance was not effected until after the pendency of that action. *Clark* v. *Hampstead, supra ; Thurston* v. *Alstead, supra ; Clarke* v. *Manchester,* 56 N. H. 502. In *Thurston* v. *Alstead,* the highway was not discontinued until after the land had been entered upon and the construction of the road commenced ; but the provisions of the statute were held applicable, and the plaintiff was permitted to recover only his actual damages. In *Clarke* v. *Manchester,* it was decided that the actual damages, in case of a discontinuance, could be determined in the original appeal of the landowner from the assessment of damages in laying out the highway.

The principles enunciated in these cases are decisive of the present one. By the discontinuance of the highway before its construction, the threatened injury to the plaintiff's land was averted

and it was restored to her, freed from the incumbrance of a public highway.    The plaintiff is entitled to judgment only for the amount of the actual damages she has sustained, which have been assessed at $90.

*Exception sustained.*

YOUNG, J., did not sit : the others concurred.