V. S. KETCHUM ET AL., Appellants, *v.* E. H. THATCHER, Respondent.

### May 17, 1882.

A judgment appealed from, with *supersedeas*, will not, pending the appeal, support a plea of *res adjudicata*.

APPEAL from the St. Louis Circuit Court, ADAMS, J. *Reversed and remanded.*

MARSHALL & BARCLAY, for the appellants: After appeal with *supersedeas*, a judgment cannot be pleaded as *res adjudicata*, and has no effect, even as evidence, until the decision of the appeal. — *Woodbury* v. *Bowman*, 13 Cal. 634; *Sherman* v. *Dilly*, 3 Nev. 22; *Bank* v. *Adams*, 3 Woods C. Ct. 21; *Stone* v. *Spillman*, 16 Texas, 432; *Atkins* v. *Wyman*, 45 Me. 399; Wells on Res Adjudicata, 363, sect. 441; *The State* v. *France*, 72 Mo. 41.

CLINE, JAMISON & DAY, for the respondents.

Lewis, P. J., delivered the opinion of the court.

It results from the matters appearing on the face of this record that, if a certain paper, described in the pleadings, is the last will and testament of Solomon Ketchum, deceased, the plaintiffs have no right of action. The circuit court, holding that the validity of the alleged will was *res adjudicata*, sustained a motion for judgment upon the pleadings against the plaintiffs.

It appears that the alleged will was duly admitted to probate, and that afterwards a suit was instituted by the present plaintiffs, contesting its validity. The circuit court gave judgment in favor of the will, and this judgment was affirmed in the court of appeals. An appeal, with bond for stay of execution, was taken to the supreme court, wherein the cause is yet pending. Do the judgments of the circuit court and the court of appeals sustain the defence of *res adjudicata*, notwithstanding the appeal and *supersedeas?*

An appeal was unknown to the ancient common law. In the civil law and equity jurisprudence its operation was to take the whole case to the higher tribunal, there to be tried *de novo* and subjected to a new and final determination, without any reference to the conclusion of the inferior court. A natural sequence of this method was the general understanding that the appeal itself was effectual to vacate and annul the first judgment. The case then was still open, as if no judgment had been rendered. It seems to have been supposed, in the present case, that, by analogy with this ancient understanding, the Massachusetts doctrine, which holds that a judgment appealed from cannot be treated as a final determination for any purpose, depends for its sanction upon the fact that, in that state, the appellate court always renders a new and complete judgment, without sending the cause back to the lower court with instructions how to proceed, and eventually to enforce its own judgment; but that in Missouri; where

a different practice prevails, there is no foundation for the same doctrine. But if it be true that the doctrine in Massachusetts grows in any wise out of the form of final judgments in the supreme court, the result ought to be the same in Missouri. For the appellate tribunal here has a discretionary power in all cases, and it is one very often exercised to give a complete and final judgment, such as the court below ought to have given. Rev. Stats., sect. 3776. It will appear on examination, however, that the doctrine referred to is by no means peculiar to Massachusetts, or to the states whose appellate jurisprudence is similar to hers. In *Pierce* v. *Tuttle* (51 How. Pr. —), it was held that "where the plaintiff has obtained a final judgment against the defendant in one action and the defendant has obtained a judgment against the plaintiff in another action in which the parties are the same, from which the plaintiff has appealed, the defendant's judgment cannot be set off against the plaintiff's judgment, while the appeal is pending." In the same opinion, the case appealed is treated as an action pending, and directions are given for a stay of proceedings in the other case, until the appeal shall be determined. This, it will be observed, is not a statutory *supersedeas* controlling the stay in the case to which it is applied. It is, in fact, a refusal to recognize the judgment appealed from, as a final, or any determination, "good until reversed." See also *Terry* v. *Roberts*, 15 How. Pr. 65. In *Sherman* v. *Dilly* (3 Nev. 22), it is held that a "judgment cannot be pleaded in bar, or as an estoppel, whilst it is pending on appeal." In *New Orleans Banking Association* v. *Adams* (3 Woods, 21), Billings, United States District Judge, held, citing *Escurix* v. *Laboval* (7 La. 575), that, under the jurisprudence of Louisiana, "to maintain the plea of *res judicata*, the judgment must be final. If it is open to appeal, the plea will not hold." In *Stone* v. *Spillman* (16 Texas, 432), it was held that an answer setting up that the defendant held the property under a will, and that

a judgment against his right so to hold it had been appealed from, presented a meritorious defence that the appeal suspended all proceedings until it was decided. In *Woodbury* v. *Bowman* (13 Cal. 634), it is held that "where a suit is pending in the supreme court on appeal, the judgment below is suspended for all purposes, and it is not evidence upon the question at issue even between the parties." In each of the states thus far mentioned, the appellate methods, as to bond for *supersedeas*, etc., appear to be similar to that of Missouri. In Maine, where the practice resembles that of Massachusetts, it is held that an appeal vacates the judgment appealed from. *Atkins* v. *Wyman*, 45 Me. 399. In Connecticut, this general doctrine is reversed, only as to decrees of the probate court, which are held to remain in force, notwithstanding an appeal. But in the same opinions that announce this conclusion, it is declared that such decrees are exceptional, and that an appeal from the judgment of a common-law court vacates the judgment. *Lancaster's Appeal*, 47 Conn. 248; *Merrells* v. *Phelps*, 34 Conn. 109; *Curtiss* v. *Beardsly*, 15 Conn. 518; *Society* v. *Mather*, 15 Conn. 587, 600.

It is evident, from a consideration of all these cases, that it would be saying too much, to hold that a judgment must be absolutely vacated by the appeal, before it will be disqualified for service under the plea of *res adjudicata*. It is sufficient, if the operation of the judgment be only suspended by the appeal. Even where there has been a judgment of an appellate court remanding the cause to the inferior tribunal with general directions, it is held that there is yet no judgment of either court which may be pleaded as a settlement of the controversy. *Aurora City* v. *West*, 7 Wall. 82; *Board, etc.*, v. *Fowler*, 19 Cal. 13. It is only where there are definite directions to dismiss the action, or the like, that a reversal and remander will constitute the matter adjudged *res adjudicata* between the parties. *Commissioners* v. *Lucas*, 93 U. S. 113.

The way seems thus fairly opened to a proper understanding of the Missouri decisions. None of them have declared, in so many words, that a judgment appealed from is incapable of supporting the defence in question. But their treatment of the subject in other connections seems to be conclusive of that proposition. *Lewis, Administrator*, v. *St. Louis and Iron Mountain Railroad Company*, (59 Mo. 495), was a suit commenced by the plaintiff's intestate to recover damages for personal injuries. There was a judgment in the circuit court, and an appeal taken to the supreme court, after which the plaintiff died. The defendant claimed that the suit thereby abated. This was upon an assumption that the circuit court judgment was vacated by the appeal. The supreme court said: "The appeal does not vacate, but merely suspends the judgment." As applied to that case, the distinction between vacating and suspending was a material one. It affected the capacity of the judgment for affirmance by the supreme court. The court held simply that there was a slumbering vitality which might be awakened to new life and validity by an affirmance. But the operation of the judgment was, nevertheless, suspended for the time being. Logically, such a suspension, while it lasts, must be as effectual against any use of the judgment for collateral purposes as a vacation would be, for a vacation is nothing more, in effect, than a suspension for all time. The question here is one of duration, and not of capability. In *The State ex rel.* v. *France* (72 Mo. 41), it was shown that a judgment against the franchise of lottery dealers, which had been appealed from, could not be considered as an interference with their business, because it "was not executed, and could not be executed during the pendency of the appeal." In several cases, our supreme court has treated the cause after judgment and appeal taken, as an action pending in the court to which the appeal was taken. *Foster* v. *Rucker*, 26 Mo. 494; *Ladd* v. *Couzins*, 35 Mo. 513; *Stewart* v. *Stringer*, 41 Mo. 400.

A general view of all these adjudications — and we find none conflicting with them — compels the conclusion, in our minds, that, when a judgment is appealed from, with *super-sedeas* or stay of execution, it must, until the appeal shall be determined, be denied recognition, for any practical efficacy whatever, in a collateral proceeding. To consider it sufficient under the plea of *res adjudicata*, would be to make an exception for which we can find no warrant, in either reason or authority.

This is not, as the respondents seem to suppose, an action to remove a cloud from the plaintiff's title. It admits the clearness of the legal title, and asks for no cancellation of an intervening obstruction. But it prays only that the defendants be required to hold the title as trustees for the plaintiff's benefit. Possession in the plaintiffs is not necessary for such a purpose. The judgment is reversed and the cause remanded. All the judges concur.