R. F. PIEL, Respondent, v. J. C. FINCK ET AL., Appellants.

St. Louis Court of Appeals, November 10, 1885.

APPEALS—JUSTICES OF THE PEACE—BAR TO ACTIONS—JUDGMENTS.—On appeal by the defendant from a judgment by a justice for a less amount than that sued for, the plaintiff, by leave of court, struck out several items, whereupon the defendant dismissed his appeal and paid the judgment; *held*, that the judgment was a bar to an action on the items so stricken out.

APPEAL from the St. Louis Circuit Court, SHEPARD BARCLAY, Judge.

*Reversed and remanded.*

E. L. GOTTSCHALK and KEHR & TITTMAN, for the appellants: Either party may appeal from the decision of the court below, and, therefore, if one party only appeals, he may dismiss his appeal against the wish of the appellee. *Bacon v. Lawrence*, 26 Ill. 53; *Kansas City, etc., R. R. Co. v. Hammond*, 25 Kas. 208; *Diffenderffer v. Hughes*, 7 Har. & J. 3; *Newson v. Douglas, Id.* 417; *Hauer v. Town of Polk*, 6 Wis. 350. The failure of the appeal revives the judgment and restores the parties to all rights existing at the time of appeal. *Kansas City, etc., R. R. Co. v. Hammond*, 25 Kas. 208. The appeal being dismissed leaves the judgment below in full force. *City v. Bird*, 31 Mo. 88, 91; *Barns v. Holland*, 3 Mo. 34. It places the parties in the same situation as if no appeal had been taken. *Ashley v. Brasil*, 1 Ark. 144.

HENRY N. HART, for the respondent.

LEWIS, P. J., delivered the opinion of the court.

In a former proceeding, the plaintiff sued the defendant, Finck, before a justice of the peace, on an open account, amounting to $186.81, and containing among its items the same causes of action upon which the present suit is founded. The justice rendered judgment in favor of the plaintiff for fifty-two dollars, from which the defendant appealed to the circuit court. In the circuit court, the plaintiff, by leave, struck out from his account the several items which constitute the basis of the present suit. Afterwards, the defendant dismissed his appeal, and paid the plaintiff the amount due upon the judgment of the justice.

In the present suit, which was begun in the circuit

court, the defendants answered, setting up the justice's judgment and its satisfaction, in bar. The plaintiff replied with the other facts in that connection, above recited. To this reply the defendants demurred, on the ground that the facts constituted no answer to their defence. The court overruled the demurrer. The trial proceeded, and the plaintiff got judgment for $69.34. The question to be determined here is whether the court properly overruled the defendants' demurrer.

The learned judge of the circuit court filed an ably written opinion which is copied into the record. He holds that where an appellant dismisses his appeal in the circuit court, after the appellee in that court, and ' by leave thereof, has amended his cause of action by withdrawing certain separate claims therein, such dismissal has the same effect as though the justice's judgment, thus affirmed, had been rendered upon the demand so amended ; that our statute requiring a trial *de novo* in the circuit court, in effect, vacates the judgment before the justice ; that when the plaintiff, within proper limits, amends his claim in the circuit court, the effect is the same as if the amendment had been allowed before the judgment of the justice. It follows that the defendant's dismissal of his appeal subjects the justice's judgment to all the conditions superimposed by the steps taken in the circuit court ; so that it must be regarded as rendered upon the cause of action which remained, after the plaintiff had stricken out a part of his claim. Consequently, as to that part, there was no *res judicata* in the present case.

We do not find this reasoning satisfactory. It is to us incomprehensible how the justice's judgment, rendered upon a certain cause of action can, by subsequent proceedings anywhere, be transformed into a judgment upon a different cause of action. The justice's judgment is not vacated by the appeal. If it were so, it would remain a nullity, notwithstanding a dismissal of the appeal. Execution is suspended, the judgment meanwhile remaining otherwise unaffected, until replaced by some

final action in the circuit court. If this final action be only a dismissal of the appeal, the effect is simply to nullify what the appeal created, to-wit: the suspension of execution. The justice's judgment may thereupon be enforced, as it stood when rendered. It is the same judgment, with all its antecedents and concomitants, just as if there had been no appeal. The trial *de novo* makes no difference as to these incidents and results. Chancery causes are often heard, tried, and adjudged *de novo* on the record, in the supreme court; yet it was never supposed that a dismissal of the appeal in such a cause would have any result other than to authorize execution on the inferior court's judgment, according to its original force and effect. If the rule is to prevail, as announced by the learned judge of the circuit court, it must apply to all cases, and can not be made to depend on the amount of the plaintiff's withdrawal from his claim. Such a case as the following may, therefore, become possible : A sues B before a justice and gets his judgment on two promissory notes : one for one hundred dollars, and the other for one dollar. B appeals, and in the circuit court A withdraws the one hundred dollar note, whereupon B dismisses his appeal. The justice's judgment, being regarded as "rendered upon the demand so amended," must be treated as having adjudicated only the claim of the one dollar note, although the amount of the judgment is in fact one hundred and one dollars. A may then enforce his execution for that amount, and follow it up with a new suit on the one hundred dollar note, without the least fear of any obstacle in the shape of *res judicata*.

It seems to be supposed that, if the plaintiff here may not sue again on the items stricken out from his account, he will be deprived of a positive right which he had acquired by the striking out; and it should not be permitted for the defendant thus to despoil him by dismissing the appeal. This is all a mistake. He acquired no positive right. His only right, if any, was contingent on the absence of the eliminated items from a final ad-

judication on the merits.    As there had already been an adjudication, from which those items were not absent, the plaintiff took upon himself all the risk of its perpetuation as a finality, whether by virtue of a dismissal of the appeal, or otherwise.    He had, in fact, already elected to abide by that adjudication, when he took no appeal from the justice's decision.    He has no right to complain if the course of events now holds him to that election.

The trial and judgment before the justice included the same cause of action here sued upon, and so made the plea of *res judicata* a valid defence.    We think it is perfectly clear that the plaintiff's withdrawal of this cause of action in the circuit court, where there was no adjudication on the merits, constituted no sufficient answer to the plea.    The defendants' demurrer, therefore, should have been sustained.    The rulings of the court in giving and refusing instructions were conformable with its views on the demurrer, and were in like manner erroneous.

The judgment must be reversed and the cause remanded.    All the judges concur.