EARL *et al.* v. HART *et al.;* COLLINS, *Appellant.*

1. **Practice** : JUDGMENT OF JUSTICE : APPEAL, EFFECT OF. The effect of an appeal to the circuit court from the judgment of a justice is to vacate and set such judgment aside, except in cases where the appeal, not the suit, is dismissed in the circuit court.

2. ———— : ———— : ———— : LIEN. On appeal to the circuit court from the judgment of a justice, the judgment of the circuit court, whether one of affirmance, or on a trial anew, is a judgment of recovery, and the lien of the judgment can only date from the time of the rendition thereof in the circuit court. Such judgment is unlike that of affirmance in appellate courts for the correction of errors, which removes the supersedeas and leaves the judgment of the trial court in full force.

3. **Deed** : PRIOR TITLE, The deed of a judgment debtor made and

recorded after the filing in the circuit court of the transcript of the judgment of a justice against him, but before a judgment of affirmance in the circuit court gives a prior title to that acquired at a sale under the judgment.

4. Practice. The defence of fraud against a legal demand raises an issue which is properly triable by a jury, and in such case, where the evidence is conflicting, the finding of the trial court is conclusive upon appeal.

*Appeal from St. Louis Court of Appeals.*

REVERSED.

*G. M. Stewart* for appellant.

(1) There was no fraud in this transaction on the part of Spelman or Collins, nor was any fraud contemplated by anybody at the time the transactions took place. Fraud has since been concocted to defeat Collins from recovering the interest on his estate, which he bought and paid full value for. (*a*) Every presumption, both of law and of fact, is in favor of the fairness of the transaction, and of the decree of this court rendered on the evidence. *Funkhouser v. Lay,* 78 Mo. 458. (*b*) There is absolutely no testimony impeaching or tending to impeach the *bona fides* of these transactions. (*c*) The decree of the trial court is fully justified by the evidence and the law. (2) The appeal was taken on the thirtieth day of January, 1879. The next term of the court to which the case was returnable was the April term, 1879. Section 3054, Revised Statutes, 1879, provides that "all appeals allowed ten days before the first day of the term of the appellate court next after the appeal allowed, shall be determined at such term, unless continued for cause." As this cause was returnable to the April term, 1879, it follows *ex necessitate* that the court could not hear the same before that term, unless by consent. In this case the record shows that the case was dismissed for want of prosecution. The court, therefore,

had no jurisdiction over the case for the purpose of rendering judgment, and its judgment was void. (3) If the judgment was proper, the sale under the execution passed no title. · The effect of an appeal from a justice of the peace is to destroy the effect of the judgment. *Turner v. Northcut*, 9 Mo. 249 ; *Carrollton v. Rhomberg*, 78 Mo. 547 ; *Lee v. Kaiser*, 80 Mo. 435 ; *Britton v. Fox*, 39 Ind. 365 ; *Marshall v. Lester*, 2 Murph. [N. C.] 227 ; *Curtis v. Beardsley*, 15 Conn. 518 ; *Hunter v. Cole*, 49 Me. 536 ; *Vannoy v. Givens*, 23 N. J. L. [3 Zabriskie] ; *Small v. Leonard*, 26 Vt. 209. When the · appeal from the justice was allowed, therefore, its effect was to vacate the judgment of the justice, and to render it of no effect. It is not suspended, but vacated, and as effectually deprived of all efficiency as if it had been satisfied. The moment the judgment ceased to exist the transcript ceased to have effect, as its life depended solely on this judgment of the justice, as provided by the statute. The judgment of the circuit court of March 24, 1879, affirming this judgment of this justice, was necessarily an independent judgment of this latter court. *Cates v. Akerd*, 5 Mo. 124 ; *Martin v. White*, 11 Mo. 214 ; *Starr v. Stewart*, 18 Mo. 410. (4) This was an action at law, and the finding of the lower court stands as the verdict of a jury and the appellate court should not disturb it. *Hamilton v. Boggess*, 63 Mo. 233 ; *Gains v. Fender*, 82 Mo. 497 ; *State ex rel. v. Harper*, 83 Mo. 670 ; *Bank v. Murray*, 88 Mo. 191.

*Charles L. Moss* for respondent, George W. Hart.

(1) A lien attached at filing of transcript. R. S., secs. 2998–99. "Our statute in express terms makes the judgment a lien, and continues it." *Reed v. Austin*, 9 Mo. 421 or 729. " That a party, upon recovering a judgment before a justice, is at liberty at once to file the required transcript in the circuit clerk's office, and thereby secure the advantages contemplated by our stat-

ute is, it would seem, too plain a proposition to admit of a doubt." *Burke v. Miller*, 46 Mo. 260. "The import and intention of the statute is clear, * * * the lien attaches from the time the transcript is filed." *Carpenter v. King*, 42 Mo. 219–223; *Waddell v. Williams*, 50 Mo. 216; *Cosby v. Tracy*, 62 Mo. 514. The lien and the right to process on it are separate and distinct—the former attaches immediately, although the latter may be long delayed. *Burke v. Miller*, 46 Mo. 261; *Douglass v. Zink Co.*, 56 Mo. 400. The lien on filing of the transcript was at once under the control and direction of the circuit court, and an appeal, nor no other act of the justice could in any way affect it. *Bauer v. Bauer*, 40 Mo. 62. "The lien of a judgment is preserved during necessary process." *Bank v. Wells*, 12 Mo. 361; *Darnelt v. Hulse*, 67 Mo. 201. (2) The affirmance of the judgment of the justice by the circuit court was a ratification of the transcript lien. *Bank v. Calvert*, 3 Sm. & M. 192; *Meyer v. Campbell*, 12 Mo. 603. Here the legislature has not declared that a transcript lien shall be terminated by an appeal. Nor have our courts indicated any way of ending it except by payment of the debt which it secures. *Reed v. Austin*, 9 Mo. 421; *Waddell v. Williams*, 50 Mo. 216; *Cosby v. Tracy*, 62 Mo. 514; Freeman on Judgments, sec. 382. (3) The validity of the judgment on which George W. Hart's title is founded is admitted by the pleadings. (4) The evidence brings the title of Collins within the provisions of Revised Statutes, section 2497, page 417, and as against George W. Hart, it is "clearly and utterly void."

BLACK, J.—This was a suit for the partition of certain real estate. The pleadings disclosed adverse claim of the defendants, George W. Hart and Nelson R. Collins, to the one-third interest formerly owned by Henry P. Hart. There was an order of sale of the whole of the premises, the court reserving the right to determine

to which of the claimants the disputed interest belonged, and to whom the proceeds shou'd be paid. Subsequently George W. Hart filed in the cause his verified petition claiming the money, and setting out his title, which the proof shows to be as follows: On the fourth of January, 1879, Thompson recovered a judgment by default before a justice of the peace against Henry P. Hart; and on the same day he filed a transcript of that judgment with the clerk of the circuit court. A motion to set aside the default being overruled, Henry P. Hart appealed to the circuit court with George W. Hart as surety on the appeal bond. In March, 1879, the judgment of the justice was affirmed in the circuit court against Henry P. and George W. Hart. Executions were issued on this judgment and the interest of Henry P. Hart was sold to third persons who conveyed the same to George W. Hart. Collins filed a like petition. His petition and proofs show a deed from Henry P. Hart to Spelman, dated January 15, 1879, recorded February 20, 1879, conveying the same interest in the property, and a deed from Spelman to Collins, dated in August, 1879.

George W. Hart filed answer to the petition of Collins, and in that he alleges that the deeds from Henry P. Hart to Spelman, and from the latter to Collins, were made and contrived by the parties thereto to defraud the creditors of Henry P. Hart. Collins replied by general denial. The court found the issues for Collins, and ordered the money to be paid to him.

1. Upon filing a transcript of a justice's judgment with the clerk of the circuit court, the judgment from that time becomes a lien upon the real estate of the defendant, and execution may issue thereon from the circuit court, and the judgment may be revived the same as judgments of the circuit court, R. S., secs. 2998-9. As the deed from Henry P. Hart to Spelman was made and recorded after the filing of the transcript,

but before the judment of affirmance in the circuit court, the question is whether the appeal destroyed the effect and lien created by filing the transcript of the justice's judgment. This must be determined by a proper construction of the statute with respect to appeals from justices of the peace. The appeal bond is conditioned that the appellant will prosecute his appeal with due diligence, and that if the judgment of the justice be affirmed, or upon a trial anew, judgment be given against him, he will pay such judgment, and that if the appeal be dismissed, he will pay the judgment of the justice and costs. Sec. 3041. If he fail to prosecute the appeal the justice's judgment is affirmed. Sec. 1000 ; 60 Mo. 280. If he fail to give the statutory notice of the appeal within the proper time, the appeal may be dismissed or the judgment of the justice affirmed, at option of appellee. Sec. 3057. "Upon the return of the justice being filed in the clerk's office, the court shall be possessed of the cause, and shall proceed to hear, try and determine the same anew." Sec. 3052. If the judgment be either affirmed, or on a trial anew, judgment be given against the appellant, the judgment of the circuit court must be rendered against the appellant and his sureties on the appeal bond. Sec. 3062. Amendments may be made in the circuit court, and the trial proceed there according to the practice of that court. The plaintiff may, in the circuit court, dismiss his suit, though the judgment of the justice be against him, and commence a fresh action. *Turner v. Northcut*, 9 Mo. 249 ; *Lee v. Kaiser*, 80 Mo. 435.

The conclusion is irresistible, from these statutes and adjudications thereon, that the effect of the appeal is to vacate and set aside the judgment of the justice, save where the appeal, not the suit, is dismissed. Or, as was said in *Turner v. Northcut, supra,* when considering the right of the plaintiff to dismiss his suit after it reached the circuit court : "When an appeal is taken

by either party its effect is not only to suspend, but to destroy the effect of the judgment of a justice; it makes it as though no judgment had been rendered.'' The only difference between the judgment of affirmance in the circuit court and one on a trial anew, is that, in the former case, the appellee need offer no evidence. In either case the judgment is one of recovery—a recovery against the appellant and his surety. In this respect the judgment is essentially different from that of affirmance in our appellate courts, created for the correction of errors, for there the affirmance removes the supersedeas and leaves the judgment of the trial court in full force. In appeals from a justice of the peace, the cause goes to the circuit court for new trial and judgment, and the lien of that judgment can date only from the rendition thereon. Collins, therefore, has the prior title.

2. The evidence on the issue of fraud is conflicting. No instructions were asked or given, and if this issue of fact is to be treated as one at law, then the finding of the trial court is conclusive; if as one in equity, then we may examine the evidence. It is the duty of the court in partition suits to ascertain and declare the rights of the parties from the evidence, or from the verdict by which any issue of fact shall be determined, and to give judgment that partition be made. R. S., sec. 3352. When any of the parties claim the same share adversely to each other, "the court may either decide upon such adverse claim," or direct the share to be set off, subject to the controverted claims. Sec. 3355. If the share to which there are adverse claims be sold, then the money is to be retained by the officer, subject to the future order of the court. Sec. 3383. Other sections provide how the issues shall be made up in order that the court may determine to whom the money belongs; and section 3386, among other things, declares with reference to the issues thus made:

"And the court shall cause all questions of fact presented by the petition and answer to be tried as other questions of fact." The statutory proceeding for the partition of real estate is not well adapted to the trial of disputed titles, and yet these provisions are made where there are adverse claims to a share or shares. The purpose of having the issues made up separately in such cases as the one under consideration evidently is that the issues may be tried as issues affecting titles to real estate in other cases. Indeed, it is the title that must be tried, and the order for the payment of the money is but an incident flowing from the finding as to the title. In the present case, if the deeds were made to defraud creditors, then, by force of the statute, they were void as to the creditors of Henry P. Hart and those claiming under them. The answer of George W. Hart setting up the fraud, does not claim or call for equitable relief. It does not seek to have the deeds set aside, nor was it necessary to do so. Collins simply sets up a legal title to the undivided one-third of the lands. George W. Hart interposes the defence that the deeds were made in fraud of creditors, and, therefore, as to him, "clearly and utterly void." The defence of fraud against a legal demand raises an issue which is properly triable by a jury. *Kitchen v. Railroad*, 59 Mo. 515. We do not see why this issue of fraud might not have been tried by a jury, and it would seem that either party could have demanded a jury, and would have been entitled to one to try the issue as a matter of course. We regard the issue as simply one at law, and the finding of the trial court thereon is conclusive on this appeal.

The judgment of the court of appeals is reversed and the cause remanded, to the end that the judgment of the circuit court may be affirmed. The other judges concur.