REBECCA MUNLEY, Respondent, v. A. F. KING AND F. PFAFF, Defendants ; F. PFAFF, Appellant.

**St. Louis Court of Appeals, April 15, 1890.**

1. **Justices of the Peace:** REPLEVIN: APPEAL. If an appeal be taken in an action of replevin from a justice of the peace to the circuit court by the party who holds the possession of the property sued for, the appellant has not the right to dismiss his appeal in the circuit court.

2.    —— : —— : ——.  If the appellant in such case fail to prosecute his appeal, and the judgment of the justice is informal in that it fails to determine the value of the property, the circuit court is not bound to affirm that judgment, but should, after hearing evidence, find the value of the property and render judgment *de novo* in the alternative form prescribed by the statute.

3.    —— : —— : ——.  In an action in which the value so found by the circuit court exceeded the penalty of the bond of the appellant, *held* that the appellee should have the option between a judgment against the appellant alone for the property or its ascertained value, and a judgment against the appellant and his surety for the property or a sum not exceeding the penalty of the bond.

*Appeal from the Lawrence Circuit Court.*—HON. M. G. McGREGOR, Judge.

REVERSED AND REMANDED.

*French & Davis* and *Cloud & Helton*, for the appellant.

*F. C. Johnston*, for the respondent.

BIGGS, J., delivered the opinion of the court.

This suit was instituted before a justice of the peace, and it is for the recovery of the possession of personal property. The plaintiff gave no bond, and the defendants retained the property. In such cases, the mode of procedure is prescribed by section 2898, Revised Statutes, 1879, which is as follows :

" When the plaintiff does not ask for the possession of the property pending the suit, or fails to file the bond required of him, or when the property claimed has not been taken from the possession of the defendant, the cause shall proceed as if the same had been taken by the officer ; and if it shall appear from the testimony on the trial, that the property was in the possession of the defendant at the date of the issue of the writ or summons, and that plaintiff was entitled to

the possession of the same, and the defendant wrongfully detained the same from plaintiff, the justice or jury shall find for the plaintiff accordingly, and assess the value of the property, and damages for the taking or detention of the same, and injuries thereto, and the justice shall render judgment that the plaintiff recover said property, and the damages assessed with costs of suit, and that if said property shall not be found, or, at the discretion of the plaintiff, he shall recover the assessed value of said property, with the damages assessed and costs of suit."

There was a trial of the cause without the intervention of a jury, and the justice, after finding that the plaintiff was the owner of the property and that it was wrongfully detained by the defendants, entered on his docket the following judgment: "It is, therefore, considered and adjudged by the justice that the plaintiff do have and recover from the said A. F. King and F. Pfaff, defendants herein, said property, and the sum of one cent so assessed as damages with her costs herein expended, taxed at $4.20." From this judgment the defendant Pfaff appealed.

In the circuit court Pfaff offered to dismiss his appeal, but the court held that this course was not allowable. When the case was called for trial defendant declined further action, and the court thereupon affirmed the judgment of the justice touching the plaintiff's ownership of the property and her right to the possession thereof, and proceeded to hear testimony concerning the value of the property detained by the defendant, and the damages sustained by the plaintiff on account of its detention.

At the conclusion of the hearing the court, in accordance with the statute, ordered that the defendant Pfaff return the property to the plaintiff, or that the latter have judgment against the defendant and the surety on his appeal bond for the sum of seventy-five

dollars, the value of the property as ascertained by the court. The judgment also included the damages for the detention of the property and for costs of suit. From this judgment Pfaff again appealed.

The defendant challenges the judgment on two grounds :

*First.* The court committed error in refusing to dismiss the appeal on the defendant's motion.

*Second.* The court had no right to hear evidence concerning the value of the goods.

The cases cited by the defendant's counsel in support of the first proposition only treat of a plaintiff's right to take a non-suit or to dismiss his appeal. The doctrine announced by these cases cannot be made to apply to a defendant. *Turner v. Northcut,* 9 Mo. 251; *Lee v. Kaiser,* 80 Mo. 431; *Earl v. Hart,* 89 Mo. 263.

But there are exceptional cases wherein the plaintiffs are not permitted to pursue such a course. An action of replevin, when the property is in the possession of the plaintiff, forms one exception. *Ranney v. Thomas,* 45 Mo. 111; *Collins v. Hough,* 26 Mo. 149; *Berghoff v. Heckwolf,* 26 Mo. 511. In such a case the law will not permit the plaintiff to dismiss his action or his appeal, as the case may be, and thereby escape an order against himself for the return of the property, or a judgment against him and his sureties as provided by the statute. We must, therefore, conclude that when the appellant in a replevin suit has the possession of the property he cannot dismiss the appeal or take a non-suit, as the case may be, for the reason that such action would defeat the right of the other party to a summary judgment on the appeal bond for the value of the property.

But defendant's counsel say, that, if the right of the defendant to dismiss the appeal did not exist, the circuit court, in case the defendant declined to prosecute his appeal, could only affirm the judgment of the justice; and as the justice failed to find the value of the

property, the circuit court was precluded from so doing. Therefore, it is urged that the court erred in hearing evidence as to the value of the property, and that consequently its judgment in respect of the value is erroneous.

Section 1000, Revised Statutes, 1879, provides that in cases of appeal from the judgment of a justice of the peace, if the appellant fails to prosecute the appeal according to law, the judgment of the justice shall be affirmed. In most instances when such conditions exist, the introduction of any evidence on the part of the appellee becomes unnecessary ; but it does not follow that the circuit court in all cases would be precluded from hearing evidence for any purpose. It must be borne in mind that a judgment of affirmance in the circuit court is an independent and original judgment and one of recovery against appellant and the sureties on the appeal bond. In this respect it is essentially different from the affirmance of a judgment in this court or the supreme court. An appeal from the circuit court only suspends the judgment, and the affirmance of such judgment in the appellate court removes the *supersedeas* and leaves the original judgment in full force. On the other hand, an appeal from the judgment of a justice of the peace vacates the judgment, and whatever disposition is made of the case adverse to the appellant, whether it be on a trial anew, or for failure to prosecute, the judgment of the circuit court is independent and original. Therefore, the circuit courts in disposing of appeals from justices of the peace disregard all errors, omissions or imperfections in the proceedings before the justice. If the appellant in such a case fails to prosecute the appeal according to law, then it would be the duty of the circuit court to make such judgment in the case as the law requires. This should be done without regard to the form or regularity of the judgment of the justice.

We are, therefore, of the opinion that the court did right in hearing evidence concerning the value of the property. The goods were in the hands of the defendant, and it was impossible for the court to render such judgment as the statute contemplates without such evidence. The fact that the justice had failed to find the value could not possibly relieve or prevent the court from discharging its duty under the law.

However, there is a difficulty in the record which seems to have escaped the notice of the court and counsel. The circuit court found the value of the property to be seventy-five dollars, and judgment was entered against the defendant and the surety on his appeal bond for that amount. The penalty or amount of the bond is only fifty dollars. It is quite evident that the judgment as to the surety is erroneous, and for this reason it cannot be sustained. We will, therefore, be compelled to reverse and remand the cause with directions, either to enter judgment against the defendant alone for the property or its ascertained value, or against the defendant and his surety for the property or its value in a sum not exceeding fifty dollars, as the plaintiff may elect. All the judges concurring, it is so ordered.