Williams v. Lewis.

---

C. L. WILLIAMS, Respondent, v. G. W. LEWIS, Appellant.

47 657
157s 591

St. Louis Court of Appeals, February 2, 1892.

1. **Justices' Courts:** DISMISSAL OF APPEAL. When a defendant appeals from a judgment rendered against him by a justice of the peace, he cannot avoid a judgment against himself and his sureties in the appellate court by dismissing his appeal in that court without the consent of the plaintiff.

2.  ———: EFFECT OF AN APPEAL. *Held, arguendo*, that an appeal
from the judgment of a justice of the peace vacates such
judgment, except where, pursuant to the express provision of the
statute, the appeal is dismissed at the instance of the appellee for
the failure of the appellant to give the requisite notice of it.

*Appeal from the Howell Circuit Court.*—HON. W. H.
EVANS, Judge.

AFFIRMED.

*Olden & Orr*, for appellant.

No brief filed for respondent.

BIGGS, J.—This is an appeal from an order of the
circuit court overruling a motion to quash an execution.
The cause originated before a justice of the peace,
where the plaintiff recovered a judgment. The defend-
ant appealed. When the case reached the circuit court
the defendant appeared and voluntarily offered to
dismiss his appeal. Thereupon the court entered a
judgment of affirmance against the defendant and the
sureties on his appeal bond, and the entry of judgment,
also, showed a dismissal of the appeal by him. An
execution was issued on the judgment, which the defend-
ant asked the court to quash, because the statute did
not authorize a judgment of affirmance against him and
his sureties after the dismissal of his appeal. This is
the only question presented by the record.

The defendant's contention must necessarily rest on
the assumption that, where the defendant appeals from
a judgment rendered by a justice of the peace, he may
dismiss his appeal without the consent of his adversary,
thereby depriving the latter of a summary judgment
against him and his sureties. We find nothing in the
statute to warrant this, but on the contrary we think it
is at war with the policy of the law. To permit such a

practice would practically nullify the most salutary provisions of the statute governing appeals from justices of the peace. In such a case, where the defendant is unsuccessful or fails from any cause to prosecute his appeal, the plaintiff is entitled to a judgment against him and the sureties on his appeal bond, whether the judgment be one of affirmance or on a trial *de novo*. This is a positive right afforded him by the statute, and he cannot by any act of his adversary be deprived of it and forced to seek redress by an action on the appeal bond.

Our conclusion seems to us to be unavoidable, when recurrence is had to the adjudicated cases of the state which decide that an appeal from a judgment rendered by a justice of the peace vacates the judgment (*Munley v. King*, 40 Mo. App. 531; *Lee v. Kaiser*, 80 Mo. 431; *Earl v. Hart*, 89 Mo. 263), except where the statute expressly authorizes the dismissal of the appeal, which it only does where the appellant has failed to give notice of the appeal as required by law, and then only at the option of the appellee. R. S. 1889, sec. 6344. As a general rule the plaintiff (if he is the appellant) may dismiss his appeal, but such a dismissal would not reinstate the judgment of the justice. It would be held equivalent to a voluntary nonsuit. Therefore, if the defendant should be allowed to dismiss *his* appeal, it would necessarily confer upon him the right to compel the plaintiff to take a nonsuit, which would certainly be to his advantage, but in most cases would not prove satisfactory to his adversary.

There is nothing to prevent the defendant in such a case from signifying to the court a willingness to dismiss his appeal, but, if the court should make an entry of dismissal, it would only amount to a declaration by the defendant that he was unwilling to prosecute his appeal, and such declaration would authorize a judgment of affirmance under the statute. *Holloman v. Railroad* 92 Mo. 287.

We are, therefore, of the opinion that the judgment of affirmance was rightly entered, and that the judgment of the circuit court in overruling the defendant's motion to quash the execution must be sustained. All the judges concurring, it is so ordered.