BELLE YOUNG, Respondent, v. C. W. THRASHER, Appellant.

St. Louis Court of Appeals, March 12, 1895.

1. **Dower:** SALE ON EXECUTION. Although a widow may now, voluntarily, convey her unassigned dower, it is not vendible under an execution against her; nor is this rule affected by the provisions of section 6869 of the Revised Statutes, which enlarge the property rights and liabilities of married women.

2. ———: TIME OF ASSIGNMENT: EFFECT OF APPELLATE PROCEEDINGS. After a doweress recovered judgment for dower, an appeal was taken which resulted in a reversal of the judgment with directions for its modification. After the entry of judgment anew in accordance therewith by the trial court, the defendant moved to vacate it and for leave to interpose defenses which had accrued since the first judgment, and upon the overruling of this motion again appealed, when the judgment was affirmed. *Held*, that the defendant was not in a position to contend that the doweress had, prior to that affirmance, an interest which was vendible on execution.

3. **Res Adjudicata**: EFFECT OF SUPERSEDEAS ON APPEAL. A judgment is not competent evidence in support of a plea of *res adjudicata*, while an appeal therefrom, accompanied by a *supersedeas* bond, is pending.

4. **Practice, Appellate**: RECEPTION OF EVIDENCE COMPETENT WHEN OFFERED, BUT SUBSEQUENTLY RENDERED INCOMPETENT. If evidence is received which was competent at the time, but which is subsequently rendered incompetent by additional proof, the trial court can not be put in the wrong for receiving it, nor, in the absence of a motion therefor, for subsequently failing to exclude it.

*Appeal from the Greene Circuit Court.*—HON. CHARLES J. WRIGHT, Special Judge.

AFFIRMED.

*White & McCammon* for appellant.

(1) The legal effect of the deed from the sheriff of Greene county to C. W. Thrasher was to convey to said C. W. Thrasher all the right, title and interest of Belle Schermerhorn (formerly Belle Young) in and to the land described in said deed on the third day of July, 1891, that being the day when the judgments mentioned in 'said deed became liens on said land, and thus to extinguish, from the time of said sheriff's sale, all right of said Belle Young, or her subsequent assignees, to have said judgment subsequently rendered in her favor for dower enforced against said land by execution for any annual annuity in lieu of dower accruing after said sheriff's sale. 1 R. S., secs.

4514, 4915, 4917; *Black v. Morrison*, 112 Mo. 343, 351; *Goodman v. Simmons*, 113 Mo. 122, 130, 131, 132; *Saunders v. Ohlhausen*, 51 Mo. 163, 165; *Knox v. Hunt*, 18 Mo. 243, 246; *White v. McPheeters*, 75 Mo. 286, 292; *Morgan v. Bouse*, 53 Mo. 219, 221, 222; *McIlvane v. Smith*, 42 Mo. 45, 56, *Brodwell v. Yantis*, 10 Mo. 398, 403; *Lumley v. Robinson*, 26 Mo. 364; *Dickason v. Eby*, 73 Mo. 133, 141; *Young v. Thrasher*, Divison No. 1, supreme court, April term, 1894. (2) The judgment of the Greene county circuit court, overruling the motion of Belle Schermerhorn to quash the executions, and set aside and vacate the sale mentioned in said deed, are former adjudications between the parties to this proceeding as to all questions concerning the legality of said executions and sale. Herman on Estoppel [1 Ed.], p. 569, sec. 473; Freeman on Judgments [3 Ed.], sec. 249; *Johnson v. Latta*, 84 Mo. 139; *Metropolitan Bank v. Taylor*, 62 Mo. 338; *Chambers v. Smith*, 30 Mo. 156; *Choteau v. Gibson*, 76 Mo. 38, 46; *Murphy v. De France*, 101 Mo. 152; *State. ex rel. v. Booth*, 68 Mo. 546, 552; *Preston v. Ricketts*, 91 Mo. 320, 323; *Rankin v. Harper*, 23 Mo. 579, 586.

*Haseltine Bros.* for respondent.

ROMBAUER, P. J.—This is an appeal from an order awarding an execution to the plaintiff's assignee for a yearly allowance of dower in lands owned by the defendant. To a written motion filed by the plaintiff, which is unintelligible without recourse to the evidence, the defendant filed an answer setting up a number of defenses. These defenses were to the effect that the execution had been paid, and that the defendant, prior to the rendition of the judgment which is now sought to be enforced by execution, had become the owner of the dower interest in the lands as a purchaser of that

interest on execution sale against the doweress. The defendant's answer to the motion claimed that all these defenses were established by former adjudication between the parties, and set up such former adjudication as a bar to plaintiff's right to have an execution issued. The complaints made on this appeal are that the court admitted illegal evidence for the plaintiff, and that, upon all the evidence heard, the court should have denied the execution.

Under the provisions of the act of April 18, 1891, an appeal lies "from any special order after final judgment;" hence, the appeal lies in this case from an order awarding the execution, and we must upon review of the evidence decide whether the order was warranted or not.

The facts shown are as follows: Belle Young in the year 1890 obtained a judgment for $1,036.68 against the defendant for damages in withholding her dower, and for $200 annual dower. The defendant appealed. The supreme court reversed the judgment, holding that the judgment as to the damages awarded was right, but that the judgment for the annual dower was erroneous because such allowance was payable at the end of the year after judgment for damages, and could not be made payable in advance. *Young v. Thrasher*, 115 Mo. 222. The cause was remanded with directions to the trial court to modify its judgment accordingly, which the trial court did.

After entry of a final judgment under this order of the supreme court, the defendant moved the circuit court to vacate it, and permit him to file an answer setting up defenses which he claimed accrued to him after the rendition of the first judgment, and which defenses are the same now sought to be set up in opposition to the motion for an execution. The circuit court refused to vacate the judgment, and the defendant again

appealed. On this second appeal the supreme court decided that the action of the trial court in refusing to vacate its judgment was proper, but in delivering its judgment very properly said: "Rights of the parties which may have accrued subsequent to the rendition of the original judgment, and which were not in issue in the proceedings in which it was rendered, would not be adjudicated therein. * * * They must be determined by a subsequent suit upon a different cause of action." *Young v. Thrasher*, 27 S. W. Rep. 326. When the mandate on this last decision of the supreme court was filed in the circuit court, the motion for execution was filed, which is the matter of the present controversy. As appears from the judgment entry, the execution which was thus ordered to be issued was *only* for the $200 annual dower which had accrued since the rendition of the first judgment, and not for the annual dower and damages which had been awarded to the plaintiff formerly.

These being the facts, it is evident that matters which transpired prior to the rendition of the last judgment can in nowise affect the plaintiff's rights in the premises to have an execution issued for *annual* dower, unless the defendant had become the purchaser of plaintiff's dower interest in the lands since the rendition of the first judgment by a valid sale. This the defendant attempted to do, but failed. It is an error to suppose that an unassigned dower interest can be sold on execution now any more than prior to the adoption of section 6869 of the Revised Statutes of 1889. The same reasons which existed prior to the enactment of that statute, and which are so forcibly set out by Judge SCOTT in *Waller v. Mardus*, 29 Mo. 25, are equally potent now to prevent this. The mere fact that, since said decision, the law was changed so as to permit a widow to transfer and assign her

unassigned dower (Revised Statutes, 1889, section 4514) can make no difference, as many reasons exist why a voluntary alienation should be permissible, and an involuntary alienation should be prohibited. The difference between the two was fully recognized in *Waller v. Mardus, supra.* Owing to the defendant's acts, the right of the widow's dower was not finally adjudged until the last decision of the supreme court, reported in 27 S. W. Rep. 326, and the defendant is in no position to contend that the plaintiff had an interest prior to that date, which was vendible on execution.

On hearing of the motion, the plaintiff offered in evidence the record of a judgment between the present parties, showing that the court had found that the matters pleaded by the defendant on this motion, by way of former adjudication, were not a former adjudication. To the admission of this record the defendant objected, and the court overruled the objection, and the defendant excepted. There was no error in this ruling. When the record was offered in evidence, it did appear to be a final judgment on that particular subject. The defendant afterward introduced evidence showing that this judgment had been appealed from, and that a *supersedeas* bond had been given. This showing rendered the judgment entry inadmissible in evidence under the rule established on full consideration in *Ketchum v. Thatcher,* 12 Mo. App. 185. The defendant, however, did not, after showing the pendency of an appeal and the giving of a *supersedeas* bond, move to exclude the judgment entry offered by the plaintiff; hence, we can not put the court in the wrong for receiving it in evidence *before* the last showing was made. There is nothing in the record to show whether or not the court considered this evidence in making up its judgment.

Finding no error in the record, we must affirm the judgment. All the judges concurring, it is ordered that the judgment be affirmed.