### SILENT AUTOMATIC SALES CORPORATION v. STAYTON.
### No. 8751.

Circuit Court of Appeals, Eighth Circuit.

Nov. 28, 1930.

Rehearing Denied Jan. 10, 1931.

George T. Priest, of St. Louis, Mo. (Boyle & Priest, of St. Louis, Mo., on the brief), for appellant.

Richmond C. Coburn, of St. Louis, Mo. (Thompson, Mitchell, Thompson & Young, of St. Louis, Mo., on the brief), for appellee.

Before STONE and VAN VALKENBURGH, Circuit Judges, and OTIS, District Judge.

VAN VALKENBURGH, Circuit Judge.

This is a companion case to cause No. 8750, 45 F.(2d) 471. The two cases were consolidated for trial. The appellee herein is the husband of Anna George Stayton, appellee in cause No. 8750, and sues for injuries personal to himself, for damages to his automobile, for expenses incidental to his wife's injuries, and for deprivation of his wife's society, companionship, services, and comfort, as the direct result of her said injuries. The trial resulted in a verdict and judgment in his favor in the sum of $1,000.

Appellant assigns in this appeal the same errors relied upon in the appeal of Silent Automatic Sales Corporation against Anna George Stayton, this day decided, and reference is made to the opinion in that case for the facts, points, and rulings thereon. In the instant case the following additional error was assigned, which will receive consideration here:

"Because the court erred in refusing to sustain defendant's demurrer offered at the close of plaintiff's evidence in chief and again at the close of all the evidence, for the reason that it appeared affirmatively from the evidence that plaintiff's cause of action, as contained in his petition, was res adjudicata, in that plaintiff had sued upon the same cause of action in a Justice of the Peace Court in the City of St. Louis, Missouri, and because it appeared affirmatively from the evidence that plaintiff attempted to split his cause of action by suing upon a portion thereof in the Justice of the Peace Court in the City of St. Louis, State of Missouri, and a portion thereof in the case at bar."

It is true that prior to the institution of this action, appellee filed suit in the sum of $350 before a justice of the peace within the

city of St. Louis for damages to his automobile alleged to have been sustained in the same accident as that upon which this cause is based. He recovered a judgment against appellant herein for $250. In due time thereafter appellant appealed from said judgment to the circuit court of the city of St. Louis, gave bond, and thereby transferred the cause to the jurisdiction of said circuit court, where it was pending and undisposed of when this case was tried. In a circuit court on appeal a justice court case is tried de novo. Section 2902, Rev. St. Mo. 1919. There is no doubt that in Missouri damages resulting from the same tort can and should be assessed and recovered in one action.

"The cause of action cannot be split up and various suits brought for the different items of damage, where such items grew out of one wrong." Coy v. St. Louis & San Francisco R. Co., 186 Mo. App. loc. cit. 412, 172 S. W. 446, 447.

This rule is not founded upon statute, but has been established by judicial decision, the reason given being that "one shall not be twice vexed for one and the same cause." An exception recognized is that "unavoidable ignorance of the full extent of the wrongs received or injuries will relax the rule." The substance of this rule is that one may have but one recovery for damages and injuries growing out of the same tort; and, in seeking such recovery, he must plead all the elements of damage of which he is or should be cognizant. It is recognized, however, that by timely amendment, additional items may be added to those originally pleaded; and if, by dismissal or abandonment otherwise, no recovery is had, a new action may include elements of damage, not laid in the former dismissed or abandoned suit.

Addressing ourselves to the special assignment of error urged in this appeal, we find pronounced disagreement in state courts of last resort. This divergence is thus expressed in 34 Corp. Jur. par. 1307, p. 898:

"In many jurisdictions it has been held that the pendency of an appeal suspends the operation of a judgment in respect to all its usual effects, and prevents it from being pleaded or used in evidence as a conclusive estoppel, although it may be admissible to show a contingent right, or to prove incidental or collateral facts not directly in issue. But in others the conclusiveness of the judgment is not affected by an appeal, its force as a plea or as evidence remaining unimpaired until it is reversed."

The text is well supported by copious citations. An examination of these authorities leads to the conclusion that the decision in each case depends upon the rule prevailing in the state in whose courts the judgment, sought to be urged in estoppel of the plea of res adjudicata, is rendered. Contra Costa Water Co. v. City of Oakland (C. C. N. D. Cal.) 165 F. 518, opinion by Circuit Judge Gilbert; Bryar v. Campbell, 177 U. S. 649, 654, 20 S. Ct. 794, 44 L. Ed. 926; 2 Freeman on Judgments (5th Ed.) par. 722, p. 1529.

In a number of states a distinction is drawn between appeals from courts of record, where the case is affirmed or reversed upon a re-examination of the record made below, and those tried de novo in the appellate court, such as, in Missouri, an appeal from a justice of the peace to a circuit court of the state. The rule in this circuit has thus been declared by Judge Thayer, speaking for this court in Ransom v. City of Pierre, 101 F. 665:

"When a case removed to an appellate court by a writ of error or an appeal is not there tried de novo, but the record made below is simply re-examined, and the judgment either reversed or affirmed, such an appeal or writ of error does not vacate the judgment below, or prevent it from being pleaded, and given in evidence, as an estoppel upon issues which were tried and determined, in the absence of a statute providing that it shall not be so used pending appeal. A supersedeas bond merely stays process for enforcement of the judgment, and does not vacate the judgment, or change its effect as an estoppel."

This case is cited and discussed with approval by the Supreme Court of Missouri in Rodney v. Gibbs, 184 Mo. 1, 14, 82 S. W. 187. Reference is also made to Freeman on Judgments as stating the "settled doctrine." In that text-book we find the following language:

"In some cases the operation of an appeal has been made to depend upon the character of the jurisdiction of the appellate court. If the latter court has authority to try the cause de novo, and to settle the controversy by a judgment of its own, and to enforce such judgment by its own process, then it is plain that by the appeal the judgment of the inferior court is not merely suspended, it is vacated and set aside, and can no longer have effect as an estoppel." 2 Freeman on Judgments, par. 722, p. 1528.

This statement of the rule is in accord with a long line of Missouri decisions: Turner v. Northcut & McCarty, 9 Mo. 252; Lee v. Kaiser, 80 Mo. 431; Ketchum et al. v. Thatcher, 12 Mo. App. 185; Williams v.

Lewis, 47 Mo. App. 657; Earl v. Hart, 89 Mo. 263, 1 S. W. 238; Young v. Thrasher, 61 Mo. App. 413; George v. Waller (Mo. Sup.) 19 S.W.(2d) 284.

In some of these cases is found the rather broad statement that a judgment appealed from with supersedeas will not, pending the appeal, support a plea of res adjudicata. Ketchum v. Thatcher, supra; Young v. Thrasher, supra. Other Missouri cases have qualified this language to comport more with the weight of authority and the logic of the situation, and this has led counsel for appellant to urge that the rule announced in Ransom v. City of Pierre, Rodney v. Gibbs, and Freeman on Judgments, no longer prevails as to appeals from judgments rendered by justices of the peace in Missouri. Piel v. Finck et al., 19 Mo. App. 338; Coy v. Railroad, 186 Mo. App. 408, 172 S. W. 446, and Leonard v. Security Building Co., 179 Mo. App. 480, 162 S. W. 685, are cited. An examination of these cases, in the light of the law as previously declared, convinces that the Missouri appellate courts have in no wise departed from their former position respecting the point now under consideration. Piel v. Finck is inapplicable in any event, because in that case the defendant had dismissed his appeal and paid the judgment, thereby rendering it a finality. Coy v. Railroad discusses the judicial rule against the splitting of causes of action, in connection with a plea of res adjudicata. It appears, however, that the judgment there pleaded in bar was a final judgment. It becomes necessary, therefore, to examine into the finality, under Missouri law, of judgments pending in the circuit court on appeal from a justice of the peace. Section 2902, Rev. St. Mo. 1919, reads thus:

"Upon the return of the justice being filed in the clerk's office, the court shall be possessed of the cause, and shall proceed to hear, try and determine the same anew, without regarding any error, defect or other imperfection in the original summons or the service thereof, or on the trial, judgment or other proceedings of the justice or constable in relation to the cause."

It will be seen that in the circuit (appellate) court no record made below is re-examined and the case reversed or affirmed as a result thereof. It is true that in some of the earlier Missouri cases it was stated that the effect of appeal was to vacate the judgment of the justice; but the meaning of this statement has been clarified in other and later decisions. Thus in Leonard v. Security Building Co., 179 Mo. App. 480, 162 S. W. 685, following Pullis et al. v. Pullis Brothers Iron Co., 157 Mo. 565, 57 S. W. 1095, it is held that an appeal from a justice of the peace "does not vacate the judgment altogether, but merely suspends it pending appeal." It is pointed out that the real matter of decision in Lee v. Kaiser is not disapproved, and proceeds to state the precise status of a judgment appealed from a justice of the peace as follows:

"From the language of the Supreme Court in Pullis v. Pullis, supra, it appears that a dismissal of the appeal 'revivifies' the judgment of a justice. This may be quite true without in any manner affecting the real question before us. It is immaterial that the judgment may thus be revived and again become in force. But, unless it is so revived by the dismissal of the appeal, it never again acquires any force; for the case will otherwise proceed de novo in the circuit court as though it had been originally instituted there, and the circuit court will ultimately enter its judgment therein, unless the plaintiff should exercise his right to dismiss the cause or take a nonsuit, in which event the case is taken out of court and the judgment of the justice thereby vacated."

This accords with an unbroken line of Missouri decisions. It is held that: "When an appeal is taken from the judgment of a justice of the peace, the plaintiff may in the circuit court dismiss his suit. The cause then stands as if no judgment had been rendered." Turner v. Northcut, 9 Mo. 252; Lee v. Kaiser, 80 Mo. 431; Williams v. Lewis, 47 Mo. App. 657. And a judgment thus suspended by the giving of a supersedeas bond is not competent evidence in support of a plea of res adjudicata. Ketchum v. Thatcher, 12 Mo. App. 185; Young v. Thrasher, 61 Mo. App. 413. This is because the case is pending anew in the circuit court. Amendments may there be made as though the case had originally been instituted in that court, and the trial proceeds according to the practice there prevailing. See Earl v. Hart, 89 Mo. 263, 1 S. W. 238, an exhaustive opinion by Judge Black, one of the ablest of Missouri Supreme Court judges. In case the appeal is dismissed by court or judgment debtor, the judgment is thereby "revivified"; as, of course, it could not be if it had been absolutely vacated by appeal with supersedeas. Pullis v. Pullis, supra. It is obvious, therefore, that, after appeal and the giving of a supersedeas, the suit of appellee against appellant was simply an action at law pending in the circuit court of the city of St. Louis. As such, it could have

been dismissed, or the cause of action amended to include additional elements of damage. Appellee did file a second suit in which such additional elements were pleaded. That case was removed to the District Court of the United States for the Eastern District of Missouri. Ordinarily, where two suits at law are pending in courts of different sovereignties, a plea in abatement will not defeat such second suit. Kansas City Gas Co. v. Kansas City (D. C.) 198 F. 500, 528. But whether such plea, or other action, aimed to oust the jurisdiction of the District Court or to stay its action, could have prevailed need not be considered because, appellant contented itself with pleading the judgment rendered before the justice as a bar to recovery in the instant case, and, as we have seen, that suspended judgment was not competent evidence to support that plea.

All the points raised and cases cited by appellant have been carefully considered. We find no reversible error in the record, and the judgment below is affirmed.