SOUTHERN SURETY COMPANY, Appellant, v. JOHN P. YOUNG and JOSEPH F. DIECKMAN, SHERIFF OF THE CITY OF ST. LOUIS, Respondents.

St. Louis Court of Appeals. Opinion Filed November 6, 1917.

1. **ATTORNEY AND CLIENT:** Injunction Bond: Motion to Assess Damages: Notice: Who to Serve: Presumptions. It being a presumption of law that the relation of attorney and client continues until the termination of the litigation and to the end of the term at which final judgment is rendered, service of notice of motion upon plaintiffs' attorney, to assess damages upon an injunction bond, filed and heard during the same term in which the judgment dissolving the injunction was given, was sufficient.

2. **INJUNCTION:** Bonds: Motion to Assess Damages: Notice to Surety. If an injunction is dissolved, the surety is not entitled to a notice of a motion to assess damages on the bond, under Revised Statutes 1909, section 2526, providing for judgment against the bond.

Appeal from the Circuit Court of the City of St. Louis. —*Hon. Thomas C. Hennings,* Judge.

AFFIRMED.

*Arthur G. Moseley* for appellant.

(1) The judgment of the court of June 4, 1912, in the case of Thorpe et al. v. Young et al., was final. Konta v. St. Louis Stock Exchange, 150 Mo. App. 622. A judgment dissolving an injunction is final. (2) The right to assess damages on an injunction bond as against the surety does not arise until after final judgment in the original suit, and until a breach of the bond by the principal. Konta v. St. Louis Stock Exchange, 150 Mo. App. 622; Konta v. St. Louis Stock Exchange, 150 Mo. App. 617; Nolan v. Johns, 27 Mo. App. 502; Coates v. Elliott, 27 Mo. App. 510. (3) Judgment cannot be rendered upon an injunction bond against the principal in the bond and his surety until after notice. Caldwell v. Lockridge, 9 Mo. 363; 3 Am. & Eng. Ency. Law (2 Ed.), 322; Grames v. Hawley, 50 Fed. Rep. 319; Holden v. Hardy, 169 U. S. 366. (4) This proceeding is a summary proceeding—an after-judgment proceeding—and the authority of the attorney to accept notice of a motion to assess damages on the injunction bond, as well as authority of the attorney to bind them in a stipulation waiving a jury, had expired; and it particularly behooved any person seeking to take advantage by such service, to assure himself that the attorney was authorized to present the parties. Konta v. St. Louis Stock Exchange, supra; Bradley v. Welch, 100 Mo. 259-267; Rusk v. Thompson (K. C. Ct. App.), 156 S. W. 64; Roberts v. St. Louis Merchants Land & Improvement Company, 126 Mo. 469; George v. Middong, 62 Mo. 551. (5) Notice to the plaintiffs in the injunction suit the principals in the bond—was essential to a valid judgment, either against them or against their surety although filed at the same term of court at which the final judgment in the injunction suit had been rendered.

*Henry H. Oberschelp* for respondents.

(1) By the provisions of article 7 of chapter 22 of the Revised Statutes of 1909, particularly sections

197 M. A.—41

2524 and 2525, the court, on dissolving the injunction, retain jurisdiction of the arties as well as the cause to assess damages on the injunction at the same term. As plaintiffs had brought the injunction suit and had procured the injunction and the surety had signed the bond, the all were in court, were bound to watch the proceedings, were bound to watch when the injunction be dissolved, and by said provisions bound to watch for the filing of the motion to assess damages and for its hearing at that same term. Secs. 2524 and 2525, R. S. 1909; Loehner v. Hill, 19 Mo. App. 141, 144; Nolan v. Johns, 108 Mo. 436; Hoffelman v. Franke, 96 Mo. 533, 534; Roberts v. St. L. Merchants L. I. Co., 126 Mo. 460, 470. Konta v. Stock Exchange, 150 M. A. 617, 619, 625; Gardner v. Robertson, 208 Mo. 610. (2) No jury was required. It was waived not only by written consent of plaintiff's attorney, filed with the clerk, but also by plaintiffs and Surety Company failing to appear at the trial, and neither party required a jury. Section 1970, R. S. 1909. (3) If the plaintiff was entitled to any relief, its remedy was in the original injunction suit by motion to quash the execution if one were issued, or by motion to vacate the judgment, as it had already done, from the overruling of which motion it had appealed and lost. This is a collateral attack. (4) The Southern Surety Co. is not entitled to the consideration accorded an an individual surety. Burton v. National Surety, 182 S. W. 804; Lackland v. Renshaw et al., 256 Mo. 140; Rule v. Anderson et al., 160 Mo. App. 358. (5) No matter how we regard the Southern Surety Co., it atacked the validity of the judgment by filing a motion to vacate it, appealed both from the order overruling its motion and from the judgment itself and its appeal was dismissed. The matter is *res adjudicata* and the judgment can no longer be questioned. St. Louis v. United Rys., 263 Mo. 425; Emmert v. Aldridge, 231 Mo. 130; Gardner v. Robertson, 208 Mo. 610; Savings Bank v. Tracy, 141 Mo. 258.

BECKER, J.—The appellant, plaintiff below, sought to restrain the enforcement of an execution and upon the trial court sustaining the demurrers filed by the defendants, plaintiff declined to plead further and final judgment was rendered dismissing the bill, from which judgment plaintiff appeals.

It appears that Charles H. Thorpe, C. Q. Thorpe and International Electric Piano Company sued John P. Young, Henry H. Oberschelp, Henry H. Oberschelp, trustee, Charles Morrow and F. C. Sharp, as defendants, in the circuit court of St. Louis, to restrain said Young from foreclosing a chattel mortgage before it became due, and that the court granted a temporary injunction upon the filing of a bond in the sum of $3000, with the Southern Surety Company as surety.

When the cause came on for trial, June 4, 1912, the plaintiffs, Thorpe, et al., were not present, nor was their attorney, Mr. Garesche, who had brought the original suit. Mr. Garesche, however, came in during the proceeding, but took no part therein.

The injunction was dissolved and a judgment entered against the plaintiffs. The same day, and simultaneously with the action of the court in dismissing the case and entering judgment against the said plaintiffs, the defendants, through their attorney, filed a motion to assess damages upon the injunction bond, and delivered a copy of the motion to Mr. Garesche, who acknowledged receipt thereof in writing as attorney for plaintiffs.

On June 11th, a stipulation was duly filed waiving the right of a trial by jury, on the motion to assess damages. This stipulation was signed by Mr. Garesche as attorney for the said plaintiffs, as well as by Mr. Oberschelp as attorney for the defendants. The motion was accordingly placed upon the law docket.

On June 17, 1912, the motion to assess damages on the injunction bond came on for hearing. It appears that neither of the plaintiffs nor Mr. Garesche were present at the hearing of the motion. The court entered judgment against the said plaintiffs in the sum of $3300, and

against the Southern Surety Company, surety on the injunction bond, in the sum of $3000.

On or about July 19, 1912, the Southern Surety Company filed a motion to vacate the judgment upon the ground that it had only then learned of the judgment, and that it had no knowledge or notice either of the judgment in the principal suit or of the motion to assess damages, the setting or the hearing thereof, and because it had thereby been deprived of an opportunity to file a motion for a new trial. The motion to vacate was heard and overruled. From this order the Southern Surety Company appealed to the Supreme Court. Said appeal was dismissed by the Supreme Court.

Shortly after the dismissal of the appeal in the Supreme Court the defendant Young, through his attorneys, caused an execution to be issued against the appellant, Southern Surety Company, which company thereupon filed its petition in the Circuit Court of St. Louis to restrain the defendants, respondents here, from enforcing said execution. Thereafter each of the defendants in the case filed a demurrer to said petition, which demurrers were sustained. Upon plaintiff's declining to plead further, final judgment was rendered dismissing the bill, from which judgment the Southern Surety Company took this appeal.

While the appellant raises several points here, the question, the solution of which will dispose of the case, is whether or not notice of a motion to assess damages on an injunction bond, served upon the attorney of record for plaintiffs after judgment dissolving the injunction is given in favor of the defendants is good and sufficient notice to the plaintiffs in the case, when such motion is filed and heard before the expiration of the term in which such judgment is rendered.

It has been repeatedly held that notice is required in all cases where the motion for the assessment of damages on the injunction bond is heard at a subsequent term to that in which the judgment dissolving the injunction was given. [See Konta v. St. Louis Stock Ex-

change, 150 Mo. App. 617, 131 S. W. 380, and cases therein cited.]

In the instant case, however, we find that the motion to assess damages was not only filed but was also tried during the same term in which a judgment dissolving the injunction was given. Inasmuch as the judgment did not become final until the expiration of the term in which it was rendered, and there being a presumption of law that the relation of attorney and client continues until the termination of the litigation and the end of the term at which final judgment is rendered (Grames v. Hawley, 50 Fed. Rep., 319; Swift v. Allen, 55 Ill. 303; Pulitzer Pub. Co. v. Allen, 134 Mo. App. 229, 113 S. W. 1159), we hold that the attorney of record in the injunction case continued attorney for plaintiffs until the expiration of the term in which the judgment was rendered, and that notice to such attorney of record, of the filing of the motion to assess damages, was notice to plaintiffs, and that under the circumstances in this case the signing of the stipulation by such attorney of record, waiving a jury for hearing of the motion, was binding on plaintiffs.

In other words, we hold that no new or further employment of counsel was necessary to authorize the attorney of record for appellants in the injunction suit to represent plaintiffs in defending the motion to assess damages upon the injunction bond, where such motion is filed and heard during the same term in which the judgment dissolving the injunction was given.

The fact that the surety had no notice of the motion to assess damages is immaterial in the case. Section 2525, Revised Statutes of Missouri, 1909, does not require such notice. The court has jurisdiction over the surety from the moment the bond is filed with the clerk, and if the injunction is dissolved, the surety "under clearly implied provisions of the statute," is practically in court to answer for a breach of the bond. [Nolan v. Johns, 108 Mo. 431, 18 S. W. 1107; Joplin & Western Ry. Co. v. Railroad, 135 Mo. 549, 37 S. W. 540; Sutliff v. Montgomery, 115 Mo. App. 592, 92 S. W. 515.]

We have examined the other points made by appellant but find them without merit.

In view of what we have said above it follows that the judgment of the circuit court is affirmed. *Reynolds, P. J.*, and *Allen, J.*, concur.