## JOHN W. ROBERTSON, et al., Respondents, v. JOHN GLENN, Appellant.

### Springfield Court of Appeals, February 28, 1920.

1. **INJUNCTION: Motion to Assess Damages on Dissolution May be Filed at Same Term, Though Motion is Suspended by Appeal.** A motion to assess damages on the dissolution of an injunction might properly be filed, under Revised Statutes 1909, Section 2524, at the term when the injunction is dissolved, though such motion remains suspended until the determination of the appeal, if an appeal is taken.

2. ————: **Notice Must be Given of Motion Made at Subsequent Term to Assess Damages for Dissolution.** If motion to assess damages is filed, under Revised Statutes 1909, section 2524, upon the dissolution of an injunction at a term subsequent to the order and judgment dissolving the injunction, notice must be given.

3. ————: **Motion to Assess damages after Dissolution must be Filed not Later Than Next Term After Affirmance in Appellate Court.** A motion to assess damages, under Revised Statutes 1909, section 2524, must be filed not later than the next term of the circuit court after final determination of the cause in the appellate court affiring a judgment of the trial court dissolving an injunction.

Appeal from Circuit Court of Greene County.—*Hon. Orin Patterson,* Judge.

AFFIRMED.

*G. Purd Hays* for appellant.

(1) Notice that the motion for attorney's fee and costs would be filed and taken up in this cause was waived by the plaintiffs in the injunction case and against said motion by their appearance and filing an affidavit for change of venue and appearing and trying the cause. The court had jurisdiction over the persons and over the subject matter of the action. Baisley v. Baisley, 113 Mo. 551; Sutliff v. Montgomery, 115 Mo. App. 592, 596. (2) "Any parties interested in the subject-matter of the con-

troversy" is entitled to have his damages, whether he is a party enjoined or not. Section 2522, R. S. 1909; Helmkampf v. Wood, 85 Mo. App. 227; Commission Co. v. Spencer, 236 Mo. 608, 643. (3) The motion is in sufficient legal form, the parties are all set out in the body of the motion and that is all the law requires. There was no demurrer filed and the form is not in question in this court. Wolf v. Ward, 104 Mo. 127, 157; Headlee v. Cloud, 51 Mo. 301; Fuggle. v. Hobbs, 42 Mo. 537; Commission Co. v. Spencer, 236 Mo. 645.

*Moore, Barrett & Moore* for respondents.

(1) Where a case is tried by the court and no declarations of law or findings of the court present a theory on which the court found its verdict, the trial court's decision will be upheld by the appellate court, if any theory presents itself to sustain it. Walker v. M. W. A., 190 Mo. App. 355; New York Life Ins. Co. v. McDearmon, 133 Mo. App. 671, 674; Bank v. Russell, 181 Mo. App. 715. (2) Motion for damages on an injunction bond must be filed at the same term of court at which the writ of attachment is dissolved. Moore v. Bank, 58 Mo. App. 469; Loehner v. Hill 19 Mo. App. 141; Railroad v. Sweet, 110 Mo. App. 104. (3) Notice of the motion to assess damages must be given, if the motion is filed at a term subsequent to the one at which the injunction was dissolved. Neiser v. Thomas, 46 Mo. App. 47; Hoffelmann v. Frank, 96 Mo. 533. (4) One not a party to the original injunction suit cannot recover damages on the injunction bond. Kenealy v. Slaed, 55 Mo. App. 177, 180; Rice et al. v. Goldberg, 26 Ill. App. 603. The statute, section 2522, R. S. 1909, which gives a right of action to any one enjoined, "or to any party interested in the subject-matter or the controversy," does not give one not a party to the injuntion suit a right to damages on the injunction bond. "Subject-matter" is synonomous with cause of action." 37 Cyc. 342 (75). "Cause of action is the existence of those facts which gives a party a right to judicial interference in his behalf.

BRADLEY, J.—This cause is here for the second time. In Robertson, et al. v. Glenn, 200 S. W. 702, we disposed of the appeal from the judgment dissolving the temporary injunction and dismissing the bill. Reference is made to the former case for a more extended statement of the facts. Plaintiffs sought to enjoin the county treasurer of Christian county from paying out certain money in his hands as treasurer, and on their petition secured a temporary restraining order. On trial the temporary injunction was dissolved, and plaintiffs appealed to this court. We affirmed the judgment of the trial court. The cause is here now on a motion to assess damages. The venue on the hearing of the motion was changed from Christian to Greene county, and heard before the court without a jury, resulting in a finding and judgment against the motion and for the plaintiffs in the injunction cause. From this judgment denying damages this appeal was taken.

It does not appear on what grounds the trial court decided against the motion to assess damages, but plaintiffs urge here that the trial court had no jurisdiction to entertain the motion. This contention is based upon the fact that the motion was not filed in the court below at the next term after the final disposition of the injunction in this court. The original judgment dissolving the temporary injunction was at the February term, 1917, of the circuit court of Christian county. The mandate of this court affirming that judgment went down on February 20, 1918. The *next* term of the Christian county circuit court thereafter was on the fourth Monday in May, 1918. The motion to assess damages was not filed till September 2, 1918, the first day of the September term of the court.

The statute, section 2524, Revised Statutes 1909, provides that upon the dissolution of an injunction damages shall be assessed. The motion to assess damages might properly be filed at the term when the injunction is dissolved, but if filed then, and an appeal is taken from the order and judgment dissolving the injunction, the motion

Robertson v. Glenn.

to assess damages remains suspended until the determination of the appeal. [Joplin & Western Ry. Co. v. Railway Co., 135 Mo. 549, 37 S. W. 540.] We find numerous cases where the assessment for damages has been made at terms subsequent to the final disposition of the injunction cause, but all these were where the motion to assess had been filed at the term when dissolution was had, and taken up later on notice, or where motion was filed at the next term after final disposition in the appellate court. [See Helmkampf v. Wood, 85 Mo. App. 227; Railroad Co. v. Sweet, 110 Mo. App. 100, 84 S. W. 95; Southern Surety Co. v. Young, 197 Mo. App. 640, 198 S. W. 476; Konta v. St. Louis Stock Exchange, 150 Mo. App. 617, 131 S. W. 380.] In Railroad Co. v. Sweet, supra, the court gives expression to its opinion that if there is no appeal from the order dissolving the temporary injunction then the motion to assess damages should be filed at the same term the dissolution is had. In that case the point mentioned was not for decision, but the language used is indicative of what the court thought on that subject. There the question before the court for determination was the right of the movent for damages to file his motion for assessment at the next term of the trial court after the final disposition on appeal. The court held in the Sweet case that as defendant filed his motion to assess damages the following term next after the final determination of the case on appeal that he substantially complied with the statute. In all such cases, however, where the motion to assess damages is filed or taken up at a term subsequent to the order and judgment dissolving the injunction notice must be given. [See Konta v. St. Louis Stock Exchange and Southern Surety Co. v. Young, supra.]

It is our conclusion and we hold that defendant should have filed his motion to assess damages not later than the next term of the circuit court after the final determination of the cause in this court affirming the judgment of the trial court dissolving the injunction; and not having done so the court had no jurisdiction to enter-

tain the motion.  This holding disposes of the necessity of taking up other questions raised.  The judgment below is affirmed.  *Sturgis, P. J.,* and *Farrington, J.,* concur.