

# Missouri Court of Appeals
## Southern District

### In Division

MARK BECKMANN, )
CHERYL BECKMANN, )
WILLIAM ANGELL, SHERRY ANGELL, )
MARK EDGECOMB, MIKE EDGECOMB, )
GARY GARDNER, KATHY GARDNER, )
TOM RUTLEDGE, TARA RUTLEDGE, )
JERRY MAIER, BRENDA MAIER, )
MARK HAUPT, PAMELA HAUPT, )
JEFFREY ALAN PORTER, and )
JODY PORTER, )
)
    Appellants, )
) No. SD38436
    v. )
) **Filed: April 24, 2025**
JOY PHILLIPS and )
DANIEL JOSEPH GARNER, )
)
    Respondents. )

### APPEAL FROM THE CIRCUIT COURT OF BARRY COUNTY

Honorable Johnnie E. Cox, Judge

### **AFFIRMED**

Appellants ask this court to declare that the circuit court had no authority to enter judgment assessing damages on an injunction bond while their appeal of the separate judgment on the merits of the case was pending. We affirm because this issue has not been preserved for appellate review, and even if it had been preserved, the court did not lack authority to enter the judgment, the finality and enforcement of which was suspended until after the conclusion of the then-pending appeal of

the judgment on the merits.

## Background

Appellants sought and obtained a preliminary injunction against Respondents. As a condition of that injunction, Appellants posted a $5,000 bond with the clerk of the court. After a full hearing on the merits, the circuit court entered judgment in favor of Respondents, who promptly moved for assessment of damages on the bond. Appellants filed a motion for new trial, which was heard at the same time as the bond motion. At that hearing, the court first took up and denied the motion for new trial, then received evidence and heard argument on the injunction bond. Appellants did not raise the issue that a ruling on the injunction bond would be unauthorized or premature because the predicate judgment on the merits was not yet final. The motion on the injunction bond was taken under advisement.

Appellants appealed from the judgment on the merits. *Beckmann v. Phillips*, 704 S.W.3d 404 (Mo.App. S.D. 2024). While that appeal pended, the circuit court entered a judgment against Appellants on the injunction bond, finding Respondents' damages already had exceeded the bond posted. That judgment was stayed pending conclusion of the appeal on the merits.

Appellants appealed that judgment as well. We held this appeal in abeyance while the prior appeal on the merits pended. After mandate issued in that appeal, we restored this case to the active docket. Respondents filed their brief and Appellants filed their reply brief only after we had affirmed the circuit court's judgment in the appeal on the merits.

Citing *Cohn v. Lehman*, 6 S.W. 267, 270-71 (Mo. 1887), Appellants contend the circuit court lacked authority to enter judgment on the injunction bond while the appeal on the merits pended. Their argument is three-fold: 1) a cause of action on an injunction bond only accrued once the injunction issues were finally resolved, which did not occur until this court issued its

2

mandate in the appeal on the merits; 2) even if a cause of action existed prior to the filing of the notice of appeal in the predicate action, the appeal not only stayed the adjudication of that action, it caused that action to cease to exist; and 3) entry of judgment assessing damages on an injunction bond is not an enumerated action a circuit court may take under Rule 92.03,[1] so it is prohibited. Appellants only challenge the court's authority to enter judgment; they do not contest the judgment in any other respect.

## Legal Principles

Since 1835, Missouri law has required bond as a condition to the issuance of a preliminary injunction and has set forth the procedure to be followed for the assessment of damages if the injunction is dissolved. *J & P Tr. v. Cont'l Plants Corp.*, 541 S.W.2d 22, 26 (Mo. App. 1976). *See also* §§ 526.070, 526.200, and 526.210.[2] An injunction bond "is, in effect, the price for unsuccessful resort to the unusual anticipatory remedies of equity." Note, *Interlocutory Injunctions and the Injunction Bond*, 73 HARV. L. REV. 333, 336 (1959).

Authority to award damages for an improvidently granted preliminary injunction is purely statutory. *Petrol Props., Inc. v. Stewart Title Co.*, 225 S.W.3d 448, 457 (Mo.App. S.D. 2007). "A proceeding for the assessment of damages on an injunction bond is in the nature of a new, separate and independent controversy. Such an action may be asserted either in a separate action or by motion filed in the pending case." *Citizens for Ground Water Prot. v. Porter*, 275 S.W.3d 329, 352 (Mo.App. S.D. 2008) (internal punctuation and citation omitted). This independent cause of action on the bond accrues when a case is resolved on the merits by the entry of the trial court's judgment adverse to the plaintiffs and dissolving the prior, interlocutory order. *Id. Accord J & P*

---

[1] Rule references are to Missouri Court Rules (2024).

[2] Statutory references are to RSMo. (2016).

*Tr.*, 541 S.W.2d at 26.

"On review of a trial court's judgment on an injunction bond, we will affirm the trial court 'unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law.'" *Citizens for Ground Water Prot.*, 275 S.W.3d at 352 (quoting *Petrol Props., Inc.,* 225 S.W.3d at 456–57).

## Discussion

Before we reach the merits of these contentions, we are obligated to examine our jurisdiction to consider this appeal. *Joemo Holdings, LLC v. Unique Creations Salon, LLC*, 657 S.W.3d 217, 219 (Mo.App. W.D. 2022). "In Missouri, the right to appeal is purely statutory, and where a statute does not give a right to appeal, no right exists." *Id.* (quoting *Needy v. Hammond*, 601 S.W.3d 312, 313 (Mo. App. E.D. 2020)).

This appeal presumably is brought under § 512.020(5), which permits appeals from a final judgment in a civil case. The judgment from which the appeal is taken in this case expressly states that it was stayed pending the outcome of the prior appeal on the merits. A stayed judgment is not final for purposes of appeal. *Comm. for Educ. Equal. v. State*, 878 S.W.2d 446, 453-54 (Mo. banc 1994). As the mandate has issued in that appeal, the precondition staying finality and enforcement of that judgment has been satisfied and it has become a final judgment. Although this appeal was premature when filed, we consider it as filed immediately after the time it became final for the purpose of appeal. Rule 81.05(b).

We also must consider whether the claim of error raised in the point relied on was preserved for appellate review. "It is well recognized that a party should not be entitled on appeal to claim error on the part of the trial court when the party did not call attention to the error at trial and did not give the court the opportunity to rule on the question." *Seitz v. Advanced Welding & Mfg.,*

4

*Inc.*, 705 S.W.3d 138, 144 (Mo.App. S.D. 2025) (quoting **Brown v. Brown**, 423 S.W.3d 784, 787 (Mo. banc 2014)). "To preserve an issue for appeal, it must be presented to the trial court. Under Rule 78.07(b), a party need not file a motion for new trial in a bench-tried case to preserve an issue for appellate review *if the matter was previously presented to the trial court*." **Id.** at 143 (internal punctuation and citations omitted). A challenge to the circuit court's jurisdiction may be raised for the first time on appeal, but a challenge to the court's authority to act is not a question of jurisdiction and is waived if not preserved. **Id.** at 144.

Nowhere in briefing to this court do Appellants show that the issue presented in their point relied on was raised with or called to the attention of the circuit court. The preservation of error portion of Appellants' brief is unhelpful, as it merely comprises a recitation of procedural history followed by a conclusory statement that the argument was preserved. Our review of the documents in the legal file and the transcript of the injunction bond hearing revealed no such argument or objection raised below. We can only conclude that the issue raised in this appeal was not preserved for review. **Id.**

Even if the issue had been preserved, Appellants would not prevail in their challenge. The cause of action for assessment of damages on the injunction bond accrued when the court entered its judgment denying Appellants' petition and thereby dissolved the preliminary injunction. The right to have damages assessed accrues upon dissolution of the preliminary injunction. **Rogers v. Stanec**, 971 S.W.2d 340, 342-43 (Mo.App. E.D. 1998); § 526.200. Unlike other states' statutes, Missouri statutes do not require the injunction be "finally decided" or "finally determined" before a cause of action accrues on the injunction bond. *See* 42 Am. Jur. 2d Injunctions § 317 (as updated through January 2025). Missouri case law has incorporated a finality requirement that the preliminary injunction not only has been dissolved, but that judgment has been entered on the

5

merits in favor of the previously enjoined party. *See Citizens for Ground Water Prot.*, 275 S.W.3d at 352. Thus, finality in this context may be understood as a final judgment entered on the propriety of injunctive relief after a full hearing on the merits.

The exhaustion of appellate remedy, either by expiration of the time to file an appeal or dismissal or denial of a filed appeal, is not a necessary precondition to the accrual of a cause of action on the injunction bond. "A judgment is operative from the date of its rendition," and "an appeal does not *automatically* stay the right to execute a judgment that follows immediately from its rendition absent some legal authority to the contrary." *State ex rel. Bailey v. Sengheiser*, 692 S.W.3d 20, 24 (Mo. banc 2024). "[T]he assessment of damages on an injunction bond properly follows a final determination of the injunction suit, and . . . an appeal from the final judgment may be taken while a motion for the assessment of damages is pending." *Joplin & W. Ry. Co. v. Kansas City, Ft. S. & M. Ry. Co.*, 37 S.W. 540, 542 (Mo. 1896).

In this case, no after-trial motion or appeal was pending when Respondents filed their motion on the injunction bond. Appellants' new trial motion had been denied and no notice of appeal had been filed when the court heard evidence and argument on the injunction bond. Again, Appellants did not object to the motion or hearing thereon as premature or unauthorized. The accrual of the Respondents' cause of action was not delayed, suspended, or tolled simply because the court retained control to alter or amend its judgment on the merits, or because the time for appeal from that judgment had not yet expired.[3]

---

[3] A motion to assess damages on an injunction bond "should be filed promptly." 35 Mo. Prac., Cont., Eq. & Stat. Actions Handbook § 24:13 (as updated through April 2025). It should include an averment to the effect that "the Court made and entered a final decree in the cause finding the issues in favor of Defendant and against Plaintiff and dissolving the preliminary injunction," but need not include assertions that all after-trial motions have been ruled, that the circuit court no longer has control of the judgment, that the time in which to appeal the judgment has passed, or that an appeal was taken and mandate issued. *See* "Motion for Assessment of

We also are unconvinced that the appeal on the merits vacated or voided Respondents' motion for assessment of damages on the injunction bond. Injunction bond decisions have characterized what occurs as a suspension, not vacatur. *Morrison et al. v Hess et al.*, 231 S.W. 997, 999 (Mo. banc 1921); *Joplin & W. Ry. Co.*, 37 S.W. at 542; *Ketchum v. Thatcher*, 12 Mo.App. 185, 189 (1882).[4] After these cases were decided, the Supreme Court adopted Rule 81.09(a), which specifies that execution of a civil judgment is stayed automatically only for certain classes of appellants or when a satisfactory supersedeas bond is posted. Neither circumstance applied in the prior appeal on the merits.

When the resolution of one proceeding depends on the final resolution of another, "[t]he danger suggested in the possible failure of the other proceeding can be avoided without any difficulty by the court in its control of its judgment[.]" *In re Twenty-First St.*, 96 S.W. 201, 203 (Mo. 1906). In this circumstance, a circuit court can withhold its final judgment or otherwise suspend final action. *Id.*

Older cases we have cited, such as *Cohn*, suggest that Appellants' argument about an appeal staying injunction bond proceedings would be controlling or at least more persuasive had the injunction bond judgment not been stayed. The subsequent adoption of Rule 81.09(a) and our Supreme Court's more recent examination of stays pending appeal in *Sengheiser* suggest otherwise. We need not reach that issue because while the appeal on the merits pended, the judgment on the injunction bond could not have been enforced, and there is no indication in the

---

Damages on an Injunction Bond," 9 Mo. Prac., Civ. Proc. Forms Rule 92.02(d) Form 2 (3d ed. 2024).

[4] We found one exception, which is not applicable in this case. A successful appeal reversing a judgment granting a permanent injunction has the effect of vacating an order releasing the injunction bond. *Cook v. McElwain*, 432 S.W.3d 286, 293 n.2 (Mo.App. W.D. 2014).

record Respondents attempted to enforce the judgment during that time. The judgment remained stayed and the circuit court retained control over its judgment until the triggering event, which was entry of this court's mandate in the appeal on the merits. At that time and for the 30 days thereafter, the circuit court could have vacated, corrected, amended, or modified its injunction bond judgment had Appellants' prior appeal been successful. Rule 75.01. The stay satisfied the valid concerns expressed in *Cohn* while not offending the principles reemphasized in *Sengheiser*.

We also are unpersuaded by Appellants' reliance on Rule 92.03. Rule 92 is discretionary, not mandatory. *Sengheiser*, 692 S.W.3d at 24. It does not conflict with or supersede the procedures set out in Chapter 526, which, as previously stated, permit a court to consider and rule on the separate injunction bond action after the preliminary injunction has been dissolved.

### Conclusion

Appellants failed to preserve their sole point relied on for appellate review, and in any event, the circuit court had authority to consider and enter judgment assessing damages on the injunction bond, which by its own terms became a final, enforceable judgment only after conclusion of the appeal on the merits. We affirm the circuit court's judgment assessing damages on the injunction bond.

JACK A. L. GOODMAN, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

MARY W. SHEFFIELD, J. – CONCURS